LOUIS MORIBELLA, Plaintiff, *v.* DEPEW PAVING CO., INC., LAWRENCE PATTI, MASSACHUSETTS BONDING & INSURANCE COMPANY and THE PEOPLE OF THE STATE OF NEW YORK, Defendants.

Supreme Court, Erie County. July 31, 1941.

*McDonough & Boasberg* [*Robert Boasberg* of counsel], for the plaintiff.

*George B. Doyle*, for the defendants Depew Paving Co., Inc., and Massachusetts Bonding & Insurance Company.

*Lawrence Patti* in person.

*John J. Bennett, Jr., Attorney-General,* for the defendant The People of the State of New York.

MALONEY, J. The State of New York, Department of Public Works, Division of Highways, entered into a contract No. 4037 with the defendant Depew Paving Co., Inc., for the reconstruction with Federal aid of a portion of highways located in the villages of Hamburg and Athol Springs, Erie county, N. Y., for the sum of $180,442.30, payable as specified therein. A labor and material bond and copies thereof were duly filed as provided. Such bond was issued by defendant bonding company.

The defendant Depew Paving Co., Inc., contracted with the Buffalo Slag Company, Inc., to sell and deliver to it on location materials to be used in the performance of its contract. That part of the above contract pertaining to delivery of materials from the plant of the Buffalo Slag Company, Inc., to the paving company's job was let by the Buffalo Slag Company, Inc., to defendant Lawrence Patti. The latter defendant employed the plaintiff to make such aforesaid delivery. The plaintiff, pursuant to his employment, so delivered 432 batches of the paving mixture from the plant of the slag company to the paving company's job.

The reasonable and fair value of the labor and services performed and furnished by the plaintiff to defendant contractor and subcontractor amounted to the sum of $195.40. No part of the same has been paid to plaintiff. Plaintiff duly filed the within lien in the manner and form provided by the Lien Law. Action was brought herein against defendants by plaintiff for the foreclosure of such lien. The defendants bonding company and paving company each served an answer to the complaint and as a defense thereto set up and alleged certain technical objections addressed to the validity of the plaintiff's lien and further urged that the provisions of the contract, sheet 4-R-1, section 137 of the State Finance Law, section 12 of the Lien Law and the bond herein preclude plaintiff's recovery herein. That portion of sheet 4-R-1 of the contract aforesaid, pertinent to the issue herein, provides: " The purchase of sand, gravel, crushed stone, crushed slag, batched concrete aggregates, ready mixed concrete and/or any other materials provided at and furnished from established and recognized commercial plants, together with the delivery of such materials to the site of the work, by means of vehicles owned or operated by such plants or by recognized commercial hauling companies, shall not be considered as sub-contracting under these provisions."

Section 137 of the State Finance Law pertinent hereto provides: " In order to secure any rights and benefits conferred herein, laborers having claims for unpaid wages shall file and enforce a wage claim as provided by the Labor Law or shall file and enforce a mechanic's lien pursuant to the provisions of the Lien Law, * * *"

Section 12 of the Lien Law limits liens upon public construction to persons performing work for a contractor, subcontractor, assignee or their legal representatives. This section does not limit in any way the filing of the lien herein by the plaintiff who was employed by a subcontractor. Neither section 137 of the State Finance Law nor the provisions of the bond so limit such a recovery herein. (*Devitt* v. *Schottin*, 274 N. Y. 188.) At page 194 of that case Judge LEHMAN said: " Under the Lien Law (Cons. Laws, ch. 33), section 5, a person ' performing labor for or furnishing materials to a contractor, his subcontractor or legal representative, for the construction of a public improvement,' pursuant to a contract by such contractor with the State, is given a lien for its value or agreed price ' upon the moneys of the State * * * applicable to the construction of such improvement, to the extent of the amount due or to become due on such contract * * *.' Laborers are given a preference over other lienors, but the lien for unpaid wages owed by a subcontractor is enforceable only to the extent that money is due or about to become due to the immediate employer. (Cf. *Upson* v. *United Engineering & Contracting Co.*, 72 Misc. Rep. 541, and cases there cited, opinion by POUND, J.) If the contractor owes no money to the subcontractor, then laborers employed by the subcontractor, like persons furnishing materials to the subcontractor, may go unpaid."

Prior to and at the time of the plaintiff's filing notice of lien herein with the State, there were funds due or to become due on the within contract greatly in excess of the amount of plaintiff's lien and interest thereon in the possession of the State and owing the contractor for labor and material furnished and performed by it on the contract as well as retained percentage withheld by the State. The answering defendants later bonded the within lien.

The contract, sheet 4-R-1 (*supra*), does not apply to plaintiff who was hired as an individual and who did not do business as nor was he recognized as a commercial hauling company The slag company's agreement with the paving company provided for delivery from its plant to the paving company's site by means of vehicles owned or operated by it. The slag company might have contracted with a recognized commercial hauling company. This it did not do. The contract limits the parties with whom the contractors may have contracted for the hauling of materials and

mixtures if they desired to be classified as non-subcontractors. The above failure to comply with the terms of the contract as aforesaid warrants a finding that the slag company was a subcontractor of the defendant paving company herein, as was the defendant Lawrence Patti.

The court finds that plaintiff, by a fair preponderance of the believable evidence, has proven the material facts alleged in his complaint.

The plaintiff as an employee of the defendant Lawrence Patti, a subcontractor of the Depew Paving Co., Inc., performed the work, labor and services as alleged in plaintiff's complaint, with the knowledge and consent of the answering defendants, the slag company and defendant Patti. I find that the lien herein is a good and valid lien against the defendants Depew Paving Co., Lawrence Patti, Massachusetts Bonding & Insurance Company. Let judgment enter for the relief prayed for in the complaint, in favor of plaintiff against all the defendants except defendant State of New York, together with interest and costs.