GRAYBAR ELECTRIC COMPANY, INC., Respondent, *v.* NEW AMSTERDAM CASUALTY COMPANY, Appellant.

Argued October 18, 1943; decided March 10, 1944.

*G. Arthur Blanchet* and *Arthur W. Clement* for appellant. I. The bond is a Tennessee contract and the liability thereunder must be determined according to the law of Tennessee. The bond involved in this case has been held to be a statutory bond by the Tennessee court. (*United States Fidelity & Guaranty Co.* v. *Vermont Marble Co.*, 16 F. 2d 83; *City of Knoxville* v. *Melvin F. Burgess,* Chancery Court for Knox County, Tennessee, decided January 8, 1943, by Chancellor A. E. Mitchell. [Aff'd. after filing briefs herein, 175 S. W. 2d 548 (Tenn.)] — REP.; *Cass* v. *Smith,* 146 Tenn. 218; *City of Bristol* v. *Bostwick,* 139 Tenn. 304; *Maryland Casualty Co.* v. *Clark's Creek Drainage Dist. No. 6,* 4 Tenn. App. 380.) II. The refusal to apply the law of Tennessee, the place of execution and performance of the

contract, was violative of the full faith and credit clause and the due process clause of the Constitution of the United States. (*John Hancock Ins. Co.* v. *Yates,* 299 U. S. 178; *Hartford Ind. Co.* v. *Delta Co.,* 292 U. S. 143; *Fidelity Trust Co.* v. *Field,* 311 U. S. 169; *Six Companies* v. *Highway Dist.,* 311 U. S. 180; *West et al.* v. *A. T. & T. Co.,* 311 U. S. 223; *Home Ins. Co.* v. *Dick,* 281 U. S. 397.) III. The bond here involved is the statutory bond which section 7955 of the Tennessee Code required to be given for the performance of the construction contract. (*Rhea County* v. *Sneed,* 105 Tenn. 581; *Cass* v. *Smith,* 146 Tenn. 218; *Maryland Casualty Co.* v. *Clark's Creek Drainage Dist. No. 6,* 4 Tenn. App. 380; *Hardison* v. *Yeaman,* 115 Tenn. 639; *Massachusetts Bonding and Insurance Co.* v. *Farmers and Merchants State Bank et al.,* 162 S. W. 2d 657; *Alleva* v. *Maryland Casualty Co.,* 248 App. Div. 599.) IV. The construction contract, incorporated in the bond, requires that the bond shall be in full accordance with statutory requirements and further provides that if State statutes contain additional or conflicting provisions, the bond shall be amended to conform to the State statutes and expressly recites that the bond here involved was the bond so required. (*Sherman* v. *Cate,* 159 Tenn. 69; *Van Clief & Sons, Inc.,* v. *City of New York,* 141 Misc. 216.) V. Further evidence that the bond is a statutory bond is found in the fact that it conforms to the terms of the Tennessee Statute. (*Clark Plastering Co.* v. *Seaboard Surety Co.,* 237 App. Div. 274; *Sherman* v. *Cate,* 159 Tenn. 69; *Cass* v. *Smith,* 146 Tenn. 218; *City of Bristol* v. *Bostwick,* 139 Tenn. 304; *Maryland Casualty Co.* v. *Clark's Creek Drainage Dist. No. 6,* 4 Tenn. App. 380; *Metropolitan Pipe & Supply Co.* v. *D'Amore Construction Co.,* 309 Mass. 380.) VI. Defendant is entitled to summary judgment because plaintiff has not proved compliance with the various conditions precedent prescribed by the Tennessee Statutes. (*Cass* v. *Smith,* 146 Tenn. 222; *City of Bristol* v. *Bostwick,* 146 Tenn. 205; *Maryland Casualty Co.* v. *Clark's Creek Drainage Dist. No. 6,* 4 Tenn. App. 380; *Zeidler Concrete Pipe Co.* v. *Ryan & Fuller,* 215 N. W. 801.)

*William L. Hanaway* and *George W. Morgan, Jr.,* for respondent. I. The bond is a voluntary common law bond,

not a statutory bond. Hence the rights of the parties are to be determined by the express provisions of the bond, not by reference to the Tennessee statutes. (2 Williston on Contracts, [Rev. ed.], p. 1088; *Clark Plastering Co.* v. *Seaboard Surety Co.,* 237 App. Div. 274; *Cherwien* v. *Geiter,* 272 N. Y. 165; *Weissman* v. *Banque De Bruxelles,* 254 N. Y. 488; *McClare* v. *Mass. Bonding & Ins. Co.,* 266 N. Y. 371; *American Surety Co.* v. *Wells Water District,* 253 App. Div. 19, 280 N. Y. 528; *Cambria Coal Co.* v. *National Surety Co.,* 141 Tenn. 270; *Holmes* v. *Elder,* 170 Tenn. 257; *City of Mount Vernon* v. *Brett,* 193 N. Y. 276; *Rhea County* v. *Sneed,* 105 Tenn. 581; *Ætna Casualty & Surety Co.* v. *Independent Bridge Co.,* 55 F. 2d 79, 286 U. S. 548; *Sherman* v. *Cate,* 159 Tenn. 69.) II. The mere fact that the general provisions of the bond are more than sufficient to satisfy the mandatory requirements of the Tennessee statute does not lead to the conclusion that there must be read into the bond certain limiting provisions of the Tennessee statute as to notice and suit, the inclusion of which the Tennessee statute does not require. (*Clark Plastering Co.* v. *Seaboard Surety Co.,* 237 App. Div. 274; *Sherman* v. *Cate,* 159 Tenn. 69; *Rhea County* v. *Sneed,* 58 S. W. 1064; *State* v. *American Surety Co.,* 22 Tenn. App. 197; *U. S. Fidelity & Guaranty Co.* v. *Rainey,* 120 Tenn. 357; *Standard Oil Co. of Louisiana* v. *Jamison Bros., Inc.,* 166 Tenn. 53.) III. The provisions of the Tennessee statute requiring notice and limiting the time to sue apply only to actions predicated upon the right to sue given by the statute, not to an action based upon a right to sue expressly given by the bond itself. (*Rhea County* v. *Sneed,* 58 S. W. 1064; *City of Bristol* v. *Bostwick,* 240 S. W. 776; *Standard Oil Co. of Louisiana* v. *Jamison Bros., Inc.,* 166 Tenn. 357; *Sherman* v. *Cate,* 16 S. W. 2d 26; *Equitable Surety Co.* v. *Indiana Fuel Co.,* 70 Ind. App. 75; *Concrete Steel Ins. Co.* v. *Metropolitan Casualty Ins. Co.,* 95 Ind. App. 649.) IV. Defendant-appellant makes the unwarranted assumption that the Appellate Division " refused " to follow Tennessee law because it did not follow the decision of an inferior Tennessee court. Decisions of the Tennessee Supreme Court, expressly enforce provisions of a bond that exceed statutory requirements and, consequently, we have no question involving full faith and credit or due process. (*Clark Plastering Co.* v. *Seaboard Surety*

Co., 259 N. Y. 424; *State* v. *American Surety Co. of New York*, 22 Tenn. App. 197; *U. S. Fidelity & Guaranty Co.* v. *Rainey*, 120 Tenn. 357.)

LOUGHRAN, J. Plaintiff supplied to a contractor materials for the performance of public work at Knoxville, Tennessee, and upon default in payment therefor began this action on a performance bond whereby the defendant surety company undertook with the local public authorities to make good the claims of laborers and materialmen. The answer of the surety company sets forth provisions of a Tennessee statute which authorizes a bond of that type. The substance of the several defenses is that the plaintiff failed to comply with conditions laid down by this statute as necessary to the recovery demanded in the complaint.

On motion by the plaintiff, Special Term held the defenses to be invalid and awarded to the plaintiff a summary judgment for the price of the materials in question — $39,889.23. A cross motion by the defendant for summary dismissal of the complaint was denied. The Appellate Division affirmed and granted leave to the defendant to present the case to this court for review.

The ground of the decision at Special Term was that the bond in suit is a common-law bond. After that decision had been affirmed at the Appellate Division, the highest court of Tennessee in the case of *City of Knoxville* v. *Melvin F. Burgess* (175 S. W. 2d 548 [Tenn.]) pronounced this same bond to be a statutory bond insofar as the rights of laborers and materialmen are concerned. The bond was made and delivered in Tennessee and was there to be performed. Hence the character of the obligation of the instrument is to be determined in accordance with the relevant law of that State whether declared as common law or by statute. (*Teel* v. *Yost*, 128 N. Y. 387, 394.) We have been licensed to take judicial notice of foreign law (Civ. Prac. Act, § 344-a). Accordingly, we now acknowledge the authority of *City of Knoxville* v. *Melvin F. Burgess* (*supra*) and we recognize the statutory nature of the bond in suit. (Whether section 344-a is to be applied in cases triable as of right by jury we need not now consider.)

The statute of Tennessee on which the surety company relies for its defenses makes these provisions: '' Such furnisher of labor or material, or such laborer, to secure the advantage of the two foregoing sections [permitting them to sue on the statutory bond] shall, after such labor or material is furnished, or such labor is done, and within ninety days after the completion of such public work, give written notice by return-receipt registered mail, or by personal delivery, either to the contractor who executed the bond, or to the public official who had charge of the letting or awarding of the contract; such written notice to set forth the nature, and itemized account of the material furnished or labor done, and balance due therefor; and a description of the property improved; provided, that in the case of public work undertaken by a municipality, or any of its commissions, notice, or statement herein required, so mailed or delivered to the mayor thereof, shall be deemed 'sufficient * * * ''. (Tennessee Code, § 7956.) '' Several persons entitled may join in one suit on such bond, or one may file a bill in equity in behalf of all such, who may, upon execution of a bond for costs, by petition assert their rights in the proceeding; provided, that action shall be brought or claims so filed within six months following the completion of such public work, or of the furnishing of such labor or materials.'' (Tennessee Code, § 7959.)

Inasmuch as the bond in suit was given pursuant to this statute, the statutory text is to be read into the instrument. The notice so prescribed was never served by this plaintiff-materialman nor was this action commenced within the six months period so defined. In that state of the controversy, the decision now to be passed will determine this question: Do the provisions of the Tennessee statute pertain to the substance of the obligation of the bond in suit, with the result that the plaintiff has no case; or do these provisions go merely to the remedy for a breach of that obligation, with the result that they are immaterial, since the law that governs the remedy is the law of New York. (See *Reilly* v. *Steinhart*, 217 N. Y. 549.)

In *City of Knoxville* v. *Melvin F. Burgess* (*supra,* pp. 551–552), the highest Court of Tennessee said: '' The statute does not prescribe any form in which the bond for the protection of laborers and materialmen is to follow. If this bond had con-

tained a provision for notice and a provision limiting the time for suit, such provisions would only be effective in so far as they coincided with the statutory requirements as to notice and time of suit. It has been held in a number of cases where the statute was silent as to the terms of the bond, that in case of a conflict between provisions of the bond and provisions of the statute as to the time limits prescribed by the statute, the statutory limits would prevail. *Smith & W. Co.* v. *Carlsted,* 165 Minn. 313; *Lawson* v. *County Board of Pub. Instruction,* 118 Fla. 246; *United States Fidelity & G. Co.* v. *Tafel Electric Co.,* 262 Ky. 792. The Kentucky case grew out of a Tennessee contract. The court held that it was governed by the Tennessee statute and that although the bond provided a longer time in which suit might be brought than did the statute, nevertheless the short limitation of the Tennessee statute controlled and barred the suit."

To our minds, these words mean that the provisions of the statute of Tennessee were limitations of the liability undertaken upon the bond in suit and not limitations of the rights of action thereby conferred upon laborers and materialmen. (Cf. *National Surety Co.* v. *Architectural Co.,* 226 U. S. 276; *Home Ins. Co.* v. *Dick,* 281 U. S. 397, 407; *Clark Plastering Co.* v. *Seaboard Surety Co.,* 259 N. Y. 424.) The Tennessee statute (as so construed by the highest court of that State) must here be accorded the full faith and credit which is enjoined by the Federal Constitution in respect of the " public acts " of a sister State. (*John Hancock Ins. Co.* v. *Yates,* 299 U. S. 178.)

It follows that the judgments should be reversed and the motion of the defendant for dismissal of the complaint granted, with costs in all courts. (See 292 N. Y. 643.)

LEHMAN, Ch. J., LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; RIPPEY, J., dissents and votes to affirm.

Judgments reversed, etc.