RITA L. REYNOLDS *vs.* CONGRESS TAXI COMPANY. October 30, 1959. Exceptions overruled. This is an action of tort for personal injuries sustained by the plaintiff when the taxi in which she was a passenger was backed into a parked truck at a speed of twenty-five to thirty miles an hour by the operator, the defendant's employee. The plaintiff, who was two months pregnant at the time, suffered injuries to her abdomen, back, neck and right knee. Within three days she suffered a spontaneous abortion. There was testimony in considerable detail as to her pain and ailments. At the close of the plaintiff's evidence, counsel for the defendant, in his opening, admitted liability. There was a jury verdict in favor of the plaintiff in the sum of $9,350. The defendant's motion for a new trial on the ground that the damages awarded were excessive was denied and an exception saved. This was the only exception saved by the defendant. There was no abuse of discretion by the trial judge in the denial of the defendant's motion. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348–349. *Bartley* v. *Phillips,* 317 Mass. 35. *Giblin* v. *Lincoln Park Amusement Co.* 318 Mass. 781. *Mitchell* v. *Silverstein,* 323 Mass. 239, 240–242. *Statkus* v. *Metropolitan Transit Authy.* 335 Mass. 172.

*Joseph A. Caulfield,* (*Thomas B. Shea* with him,) for the plaintiff.

*George B. Rubin,* for the defendant, submitted a brief.

H. E. FLETCHER Co. *vs.* JOSEPH A. ROSSETTI & others. October 30, 1959. Decree affirmed. The plaintiff furnished curbstones to the principal contractor, the defendant Rossetti, who was engaged in the repair and reconstruction of a public highway under a written contract with the city of Revere. The city took a bond furnished by the defendant casualty company to Rossetti in accordance with G. L. c. 149, § 29, as amended, as security for the payment of labor performed for, and materials supplied or furnished to, Rossetti in the performance of his contract. A representative of the plaintiff seasonably went to the office of the city clerk of Revere for the purpose of filing there the plaintiff's claim, but he was directed to the office of the city treasurer where he filed the claim and received a receipt therefor. It is undisputed that no claim was ever filed in the city clerk's office. The plaintiff appealed from a final decree establishing the indebtedness of the contractor to it but dismissing the bill against the surety company and the city. There was no error. The filing of the claim with the city clerk was a condition precedent to the establishment of the plaintiff's claim. *Tower* v. *Miller,* 211 Mass. 113, 114. *Powers Regulator Co.* v. *Taylor,* 225 Mass. 292, 298. *T. Shea, Inc.* v. *Springfield,* 252 Mass. 571.

*Charles F. Haywood,* for the plaintiff.

*Ralph F. Martino,* Assistant City Solicitor, for the city of Revere.