Walter R. Hart, J.
Defendants A. E. Ottaviano, Inc., Fidelity & Deposit Company of Maryland and Standard Accident Insurance Company move to dismiss the complaint for insufficiency.
The action, insofar as it relates to these defendants, seeks recovery on a bond filed by A. E. Ottaviano, Inc., as principal and the other moving defendants as surety, pursuant to section 137 of the State Finance Law, guaranteeing payment of money due to persons supplying labor or materials to the contractor (Ottaviano) or any of its subcontractors. The statute requires as a prerequisite that persons seeking any rights or benefits pursuant thereto shall first file and enforce a mechanic’s lien pursuant to the provisions of the Lien Law. It has been held that the statutory text must be read into the bond and that recovery may not be had thereon unless it is alleged and proven that the claimant filed and enforced a mechanic’s lien (Graybar Elec. Co. v. New Amsterdam Cas. Co., 292 N. Y. 246, 251; Westchester Asphalt Distr. Corp. v. Yonkers Contr. Co., 4 A D 2d 774; Triple Cities Constr. Co. v. Dan-Bar Contr. Co., 285 App. Div. 299, affd. 309 N. Y. 665). Since the complaint herein fails to allege the filing and enforcement of a mechanic’s lien, defendants’ motion is granted with leave to plaintiff to plead over if so advised, within 10 days after service of a copy of the order with notice of entry.
Ottaviano also moves for an order vacating and canceling of record the notice of lien filed with the State Comptroller and the *815 State Department of Public Works on the ground that the complaint in the action discloses that claimant (plaintiff) predicates its claim for materials furnished to Frank C. Rinaldi, who is not a subcontractor of Ottaviano but of Cunningham Nielson & Malloy, Inc., a subcontractor. The motion is predicated on the contention that a mechanic’s lien is not available under the provisions of the Lien Law on a public improvement under these circumstances. While these contentions may be valid and sufficient to defeat the action to foreclose the lien (Wynkoop v. People, 1 A D 2d 620, affd. 4 N Y 2d 892), the notice of lien is regular on its face in that it alleges that the materials were supplied to Ottaviano and to Cunningham Nielson & Malloy, Inc., as well as to Rinaldi. There is therefore no authority for summarily discharging and vacating it. Accordingly the motion is denied. Settle orders on notice.