■ MARTINA LAI, Appellant, v. MIGUEL VARGAS, Respondent.

APPEAL from a judgment of the Supreme Court in favor of defendant, entered December 28, 1961 in New York County, upon a decision of the court at a Trial Term without a jury.

Judgment in favor of defendant affirmed, with costs.

MCNALLY, J. (dissenting). I dissent and vote to reverse and grant a new trial.

Plaintiff, a passenger in defendant's automobile, alleges injuries consequent on an automobile accident in New Jersey on August 10, 1957. Plaintiff by pleading and proof presented her case on the theory of liability for ordinary negligence. Defendant, however, at the time of trial, established that the then decisional law of New Jersey precluded the recovery by a passenger such as the plaintiff unless it was established that the operator of the automobile had been guilty of wanton, willful and gross negligence. (*Lutvin* v. *Dopkus*, 94 N. J. L. 64.) The trial court found the evidence did not establish gross negligence.

After the entry of judgment below the Supreme Court of New Jersey overruled the holding of *Lutvin* v. *Dopkus* (*supra*) and held that a guest who asked for a ride in an automobile although not expressly invited by the host could recover for injuries upon allegation and proof of the failure to exercise reasonable care in the operation thereof. (*Cohen* v. *Kaminetsky*, 36 N. J. 276.)

The entire court agrees that *Cohen* v. *Kaminetsky* (*supra*) is determinative although decided after the trial and judgment herein. An intervening change of decisional law pending appeal controls the determination of the appeal. (*Johnson* v. *State*, 18 N. J. 422.) The rule in New York is to the same effect. Also we may take judicial notice of the New Jersey law. (*Graybar Elec. Co.* v. *New Amsterdam Cas. Co.*, 292 N. Y. 246, 250; Civ. Prac. Act, § 344-a.)

However, the majority is of the opinion that the record fails to disclose proof of ordinary negligence. I am not in accord with this view. Plaintiff and her witness testified that the parties left Brooklyn, New York, at 4:45 A.M. and (after at least one so-called rest stop) the accident occurred at 6:45 A.M., about two hours thereafter, at Maple Shade, New Jersey, approximately 85 miles distant from Brooklyn. The record amply demonstrates the defendant driver approached a circular traffic divider at Maple Shade, New Jersey, while traveling at an excessive rate of speed; sensing that he might overturn if he followed the curve, defendant directed the car into and over the curbing and crashed into a stone monument.

Plaintiff made out a case. Since the case was tried and determined on an erroneous theory of law, as a matter of law and in the interest of justice, the judgment should be reversed on the law and, in the exercise of discretion, a new trial granted.

Botein, P. J., Valente and Stevens, JJ., concur in decision; McNally, J., dissents in opinion in which Breitel, J., concurs.

Judgment in favor of defendant affirmed, with costs. The record fails to disclose proof of ordinary negligence.