Mario Pittoni, J.
Petitioner, who is the general contractor engaged by the owner for the construction of a public improvement, applies for discharge of a mechanic’s lien on the ground respondent is not a person entitled to file a notice of lien under section 12 of the Lien Law.
Respondent furnished to Otten & Root, Inc., certain material consisting of glazed block which has been utilized on a school building being erected by petitioner. Respondent’s notice of lien states Otten & Root, Inc., was a subcontractor of Bartley *881 Brothers Construction Corporation, and that the latter was a subcontractor of petitioner. Respondent’s status is that of a materialman of a “ sub-sub-contractor ’ ’.
Section 12 of the Lien Law limits the class of persons entitled to file a lien against a public improvement to those performing labor for or furnishing materials to the contractor of his immediate subcontractors (Wynkoop v. People, 1 A D 2d 620, affd. 4 N Y 2d 892. See, also, Dorn v. Johnson Corp., 16 A D 2d 1009). In this case, the class of persons who qualified as lienors ended with Otten & Root, Inc., the corporation with whom respondent dealt. Respondent falls outside the statutorily restricted field of persons who qualify as lienors, and since such defect appears on the face of the notice of lien, it may be summarily discharged as a nullity (Lien Law, § 21, subd. 7; Matter of Hendrickson Bros. v. Wynkoop, 2 A D 2d 688; Burry Colonial Corp. v. A. E. Ottaviano, Inc., 21 Misc 2d 814). The petition is granted.