Samuel H. Hofstadter, J.
Plaintiff moves for summary judgment. In its opposing affidavits, in addition to controverting plaintiff’s statements of fact, defendants seek to have the complaint dismissed (CPLR 3212, subd. [b]) on the ground that this court does not have jurisdiction of the subject of the action. Defendant also argues that the complaint is insufficient on its face for failure to allege that a claimed condition precedent to suit had been complied with.
Plaintiff seeks recovery on a bond dated March 2,1960, issued by defendants as surety of the Foundation Company of this city. Plaintiff is a New York corporation, as are some but not all of the defendants. The bond was apparently issued in New York to Foundation, in favor of the Massachusetts Parking Authority, and delivered by Foundation to the Authority in Boston.
In 1960, the Massachusetts Parking Authority issued a contract for the construction of a garage under the Boston Commons to Foundation. Thereafter, in 1961, Foundation entered into a subcontract with the plaintiff to install certain structures and revenue control equipment required by the main contract. The bond of defendants covered claimants for labor and material used or required in the performance of the Foundation contract with the Authority.
Plaintiff alleges that the subcontract required a payment to it of $75,146.83; that it performed the contract; that a total of $62,958.65 has been paid; but that there remains an unpaid balance of $12,188.18. The Foundation Company has been adjudicated a bankrupt. Plaintiff alleges that in accordance with the bond, it notified the Massachusetts Parking Authority (as *895 principal owner), and each of the sureties, of the delinquency, demanded payment under the bond, but has not been paid.
Plaintiff asserts that there is no triable issue of fact or defense to the cause of action. Defendant challenges this position and states that there was a failure on behalf of the plaintiff to duly perform its subcontract with Foundation. It is clear from a reading of the papers that questions of fact exist as to the performance of the contract by plaintiff. Whether the equipment furnished by the plaintiff has ever functioned properly, .or indeed, was ever accepted, thus entitling plaintiff to payment on the contract, are questions which cannot be resolved summarily. Plaintiff’s motion is denied.
Defendants argue that the court lacks jurisdiction of the subject matter of the action and that the complaint should therefore be dismissed. Defendants’ contention is that the bond is a statutory bond, pursuant to section 29 of chapter 149 of the General Laws of Massachusetts, and that, under the statute, plaintiff’s action must be brought in a Massachusetts court.
The Massachusetts Parking Authority was created under chapter 606 of the Massachusetts Laws of 1958 for “ the construction * * * of a garage * * * in the City of Boston and creating the Massachusetts Parking Authority ”. The first paragraph of section 3 of the .statute provides that the Authority is “a public instrumentality ” and “ the exercise by the Authority of the powers conferred by this act in the construction, operation and maintenance of the garage shall be deemed and held to be the performance of an essential governmental function”. Section 29 of chapter 149 of the General Laws of Massachusetts direct that “ Officers or agents contracting on behalf of * * * [a] public instrumentality for the construction * * * [of] public works 45 ™ * shall obtain security by bond * * * for payment by the contractor or subcontractors for labor performed or furnished and materials used or employed therein ” in an amount not less than one half of the total contract price.
A separate paragraph provides that in order to obtain the benefit of such security, a claimant shall file with the contracting officer or agent of the public instrumentality a sworn statement of his claim prior to the expiration of 90 days after the claimant ceases to perform the labor or furnishes the materials and equipment. The same paragraph also states that if the claim is neither paid nor satisfied, the claimant “ shall file, within one year after the filing of such claim, a petition in equity in the superior court for the proper county to enforce his claim or intervene in a petition already filed.”
*896 Defendants urge that the sentence last quoted limits proceedings to the appropriate Massachusetts court — that the provision in the statute is exclusive as to both the right and the remedy. Stated differently, the issue posed is whether the provisions in the statute are part and parcel of plaintiff’s right to recover under the bond or go to the manner of recovery thereunder.
In Graziano v. Indemnity Ins. Co. of North America (286 App. Div. 867, affd. 1 N Y 2d 817) a limitation in a bond similar to that in the case before me was held to go to the remedy — not the right. The Court of Appeals stated (p. 818): “ The provision in the bond as to the place of trial affects the remedy and does not limit the cause of action of the plaintiffs who are claimants as defined in the bond and cannot sue as matter of right in Suffolk County. ’ ’
Graybar Elec. Co. v. New Amsterdam Cas. Co. (292 N. Y. 246) is to the same effect. Construing a Tennessee bond issued under provisions of law similar to those of Massachusetts outlined above, the Court of Appeals ruled (p. 252) that “ the provisions of the statute of Tennessee were limitations of the liability undertaken upon the bond in suit and not limitations of the rights of action thereby conferred upon the laborers and materialmen. ’ ’
It has also been held that the violation of a stipulation between parties as to the county in which aii action was to be brought, neither affects the jurisdiction of the court, nor defeats the cause of action (Benson v. Eastern Bldg. & Loan Assn., 174 N. Y. 83).
Research of the Massachusetts authorities on the subject discloses no Massachusetts case to the contrary — no case has been cited or found holding that the limitations in its statute were so fundamental to the liability of the sureties under the bond as to compel a ruling that jurisdiction of the subject of the action rests solely in the Massachusetts courts. I find this contention of defendants without merit.
Defendants also urge that the complaint is insufficient on its face in failing to allege compliance with a condition precedent, i.e., that plaintiff had filed the sworn statement referred to in the Massachusetts General Laws within 90 days after completion of the job (but, see, CPLR 3015). Plaintiff answers that it filed the statements and notices of delinquency required by the bond itself. In any event, plaintiff argues, in view of the language of the bond defendants are estopped from adding additional exculpatory requirements. Much may be said in support of this position of plaintiff, unless this court is foreclosed by *897 legal precedent from entertaining it (see McClare v. Massachusetts Bonding & Ins. Co., 266 N. Y. 371, 375-376).
Founded upon a decision of the Tennessee Supreme Court in City of Knoxville v. Burgess (180 Tenn. 412) the Court of Appeals in Graybar Elec. Co. v. New Amsterdam Cas. Co. (292 N. Y. 246, supra) held, inter alia, that the statutory text was to be read into the bond before it. The thrust of the decision, however, was that under the Tennessee decision in City of Knoxville (supra) entitled to full faith and credit, the provision in the statute requiring a sworn statement imposed a “ short limitation” which controlled the parties.
Massachusetts law (Fletcher Co. v. Rossetti, 339 Mass. 778; Carey Mfg. Co. v. Peerless Cas. Co., 330 Mass. 319) describes the requirements for a sworn statement as a “ condition precedent ” to recovery. Whether under Massachusetts law this holding is founded on the proposition that the requirement is deemed a short Statute of Limitations or an integral part of the contract itself is not clear — and need not now be finally resolved, for the situation at bar does not parallel that in Graybar (supra). The bond in Graybar was made, as well as delivered, in Tennessee, and the work covered was there to be performed. Despite defendants’ statement to the contrary, the bond at bar apparently was made in New York, although delivered by Foundation to the Authority in Boston and although the work was to be performed in Massachusetts. In this context, Massachusetts law may not determine the issue.
Reilly v. Steinhart (217 N. Y. 549) cited in Graybar (supra, p. 251), passed upon a contract made in Cuba which had not been made a public document under Cuban law — it had not been properly authenticated. Cardozo, J., writing for the unanimous Court of Appeals observed (p. 551) that the “ existence of a contract must be determined by the Cuban law” — the place where it was made, and ‘ ‘ if the meaning is that a contract exists, but that until made a public instrument, a remedy in the courts of Cuba is withheld, the plaintiff must prevail. The law that governs the remedy is the law of New York.”
The conclusion reached was that the requirement for authentification — “ that it be protoeolized ” — was a rule of evidence and did not bind our courts. “ The defendant’s sole obligation is to pay a sum of money. If the obligation exists, the evidence * * * is to be determined by our law ” (p. 553).
Whether, under our law, plaintiff, if it failed to file the sworn statement in time, is faulted, depends, in my opinion, upon a fuller exploration of the surrounding fact pattern,
*898 On the one hand, under provisions such as section 50-e of the General Municipal Law, similar requirements in our statute are enforced; and, if the Massachusetts statutory provision is read into the bond, it may constitute a good defense, if established. On the other hand, the language of the statute (Mass. Gen. Laws, ch. 149, § 29) is: “ In order to obtain the benefit of such security ’5 the statement must be filed; thus indicating that it is .not part of the bond itself. A statutory prerequisite to action in Massachusetts is expended at its borders. Moreover, CPLR 202 provides that an action based upon a cause of action accruing outside the State may not be commenced after the expiration of the time limited by the laws of either this State or the place where the cause of action accrued, “ except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of [this] state shall apply.” Plaintiff is such a resident. If the Massachusetts provision constitutes a Statute of Limitations, it is also not a defense. As compensated sureties, the bond issued by defendants is to be liberally interpreted, and “ all ambiguities are to be resolved in favor of those for whose benefit the bond is given.” (McClare v. Massachusetts Bonding & Ins. Co., 266 N. Y. 371, 377, supra.)
In this posture, defendants’ second contention may not be held to compel granting its application for summary relief — and defendants are relegated to the affirmative defense raising the issue in their answer. The motions of both parties are denied.