Frank J. Kronenberg, J.
A motion has been previously made in the above-entitled action for summary judgment by the plaintiff against the Power Authority of the State of New York, Firemen’s Fund Insurance Company and Industrial Landscaping & Nursery Corporation. This motion had been denied previously by this court on two grounds. One is that the defendant “Industrial” and Firemen’s Fund Insurance Company had claimed that the work done by the plaintiff as a subcontractor for ‘ ‘ Industrial ’ ’ had not been adequately done, resulting in setoffs, back charges in excess of the amount to which it may have been entitled from the Power Authority because of “Industrial’s” default, as well as a statement to the effect that all or a portion of these back charges were on work done by the plaintiff.
This court granted permission to the plaintiff to reargue this matter, the basis of the permission being that since the *1082 time of the motion and the memorandum of this court it had been alleged that the Power Authority had paid “ Industrial ”. The motion was also based upon rights claimed under section 137 of the State Finance Law.
Before proceeding into the issues, the court must again examine the complaint of the plaintiff. The ‘ ‘ Wherefore ’ ’ clause in the complaint asked for a judgment against the first three defendants, claiming a valid lien in the amount of $25,605.08 plus a money damages judgment in that amount against the first three defendants. It would appear from the complaint and the moving papers that the plaintiff is alternatively proceeding on two theories: one- — -the normal foreclosure of a subcontractor’s lien on funds, if any, due and owing from the Power Authority of the State of New York to “Industrial” and two — remedies available under section 137 of State Finance Law against the Firemen’s Fund. Insurance Company for posting a bond pursuant to that section for the payment of laborers and materialmen.
The only paper before this court from the Power Authority is an affidavit by one of its attorneys to the effect that the balance due ‘ ‘ Industrial ’ ’ is approximately $35,664 and that there are back charges against ‘1 Industrial ’ ’ for failure to perform contract N50 in some fashion which entitled the State to a setoff under “Industrial’s” default under contract N59. This issue was before this court previously and it was determined that said issue was an issue for a trier of fact.
Since that time this court has been supplied with copies of correspondence between the plaintiff and the Power Authority to the effect that the work done by the plaintiff as a subcontractor for ‘ ‘ Industrial ’ ’ was satisfactorily and timely done and that in fact contract N59 “ as to the items specified in such letter ” has been satisfactorily done and that no back charge is due on those items. This letter is obviously not a sufficient acknowledgment that N59 has been completed satisfactorily.
In addition, the plaintiff’s own affidavit concedes that the nature and the extent of the concession by the Power Authority is limited to back charges for the work actually performed by the plaintiff under N59 and not work done by “ Industrial ” under N59. Any other proof that N59 has been completed and the Power Authority has paid in full for N59 is not satisfactorily before this court and the issue still remains, as indicated in this court’s original memorandum, as to whether or not the alleged setoffs on the alleged default of “Industrial” on N50 in any fashion derogate the plaintiff’s rights to foreclose his lien under N59. This court does determine in this connection, *1083 however, that the affidavits of the defendants in respect to the issue of whether or not the plaintiff has satisfactorily performed his work are the barest recitals of nonliability and fall completely short of standards necessary to raise a justicable issue of fact. Therefore, this court does determine that upon the trial the plaintiff is not required to prove good and sufficient performance of the subcontractor as against the defendants and a partial summary judgment in this connection is hereby granted.
However, the new questions raised by affidavit as to the question of the applicability of section 137 of the State Finance Law must be now considered. Assuming, for the purposes of this decision, that the plaintiff has sufficiently set forth a cause of action against Firemen’s Fund Insurance Company and “Industrial” under section 137 of the State Finance Law, we are unable to find any authority which indicates that the plaintiff is in the category of persons protected under section 137 of the State Finance Law which states:
“1. In addition to other bond or bonds * * * a bond guaranteeing prompt payment of moneys due to all persons furnishing labor or materials to the contractor or his subcontractors in the prosecution of the work provided for in such contract. * * #
“ 3. Every person who has furnished labor or material to the contractor or to a subcontractor of the contractor * * * shall have the right to sue on such payment bond in his own name for the amount, or balance thereof, unpaid at the time of commencement of the action”.
The question is whether or not the plaintiff is a person who has furnished labor or material, and the further question is as to whether or not his conceded identification as a “ subcontractor ” in some way bars his right to collect under section 137 of the State Finance Law.
The case cited by the plaintiff in his brief particularly Chittenden Lbr. Co. v. Silberblatt & Lasker, (288 N. Y. 396, 400, 402) states: “ In the state of the law prior to 1938, the courts, and apparently the Legislature, recognized the fact that ‘ if [as in the case at bar] the contractor owes no money to the subcontractor, then laborers employed by the subcontractor, like persons furnishing materials to the subcontractor, may go unpaid. ’ * * * In an apparent effort to afford greater protection to laborers and materialmen on public improvement contracts * * * the Legislature by chapter 707 of the Laws of 1938, added to the State Finance Law (Cons. Laws, ch. 56) a new section (38a) which was later renumbered section *1084 137 (L. 1940, ch. 593) and provides as follows: [Cites § 137] * * * We think that an interpretation so literal as the one urged upon us by the respondents is not to be applied to section 137 of the State Finance Law which manifestly had for its purpose to give protection to laborers and materialmen in situations of which the one here involved is typical.”
This action has been applied to individual laborers Moribella v. Depew Paving Co. (176 Misc. 866) and materialmen Extruded Louver Corp. v. McNulty (34 Misc 2d 566). This court finds no instance where it has been applied to subcontractors. The court regrettably reaches this conclusion although it is quite evident that a subcontractor in essence provides material and provides labor. However, the intent of the statute is specifically spelled out in the Chittenden (supra) matter and this court does not feel authorized to extend it, especially in view of the fact that the Legislature redefined subcontractors, laborers and materialmen under section 2 of the Lien Law and did not choose to expand the definition of the subcontractor to include that person defined in section 137 of the State Finance Law. As a result this court denies the motion of the plaintiff for an award of specific money damages against Firemen’s Fund Insurance Company and Industrial Landscaping & Nursery Corporation.
The result of this decision should be that the plaintiff in his action to foreclose his lien has only to deal with the issues of: 1. The setoff of contract N50 as against moneys due on N59; the sufficiency of this defense has not as yet been tested by the plaintiff in these motions. 2. The sufficiency of the performance of the defendant Industrial Landscaping & Nursery Corporation only under either of said contracts. If in effect it is determined that Industrial Landscaping & Nursery Corporation has funds coming from the Power Authority under N59 irrespective of any defenses interposed by the Power Authority as against “ Industrial ” and the plaintiff, then the plaintiff need not be put to the additional proof of his performance under the contract.