John T. Casey, J.
In this action the plaintiff, subcontractor, seeks to recover a balance allegedly due from its contractor, the defendant Trico Sheet Metal, Inc. and the contractor’s surety, the defendant Peerless Insurance Company.
The defendant Trico contracted with the State of New York to make certain improvements on a public building and subcontracted certain of the work (furnishing and installation of a pneumatic system of automatic temperature control) to the plaintiff. The defendant Peerless Insurance Company, as the surety on the defendant Trico’s payment bond pursuant to section 137 of the State Finance Law, now moves for a dismissal of the complaint as to it, contending that said section 137 does not include “ subcontractors ” within the ambit of its indemnitees. Whether the provision of section 137 of the State Finance Law inure to the benefit of the plaintiff subcontractor against the defendant surety is the sole question. Prior to September 1, 1964, section 137 of the State Finance Law was entitled: “ Bond to secure laborers and materialmen” and provided: ‘ ‘ In addition to other bond or bonds, if any, required by law for the completion of a work specified in a contract for the prosecution of a public improvement for the state of New York or in the absence of any such requirement, the comptroller may nevertheless require, prior to the approval of any such contract, a bond guaranteeing prompt payment of moneys due to all persons supplying the contractor or a sub-contractor with labor and materials employed and used in carrying out the contract which bond shall inure to the benefit of the persons supplying such labor and materials. In order to secure any rights and benefits conferred herein laborers having claims for unpaid wages shall file and enforce a wage claim as provided by the labor law or shall file and enforce a mechanic’s lien pursuant to the provisions of the lien law, and a materialman, in order *1050 to secure any such rights and benefits, shall file and enforce a mechanic’s lien pursuant to the provisions of the lien law.”
The amendment of 1964 of section 137 of the State Finance Law which applies in this case eliminated the requirement that laborers and materialmen first file wage claims or mechanic’s liens as conditions precedent to the relief afforded by the statute, and were, therefore, required to plead such compliance or suffer the consequences of an insufficient complaint. (Cf. Burry Colonial Corp. v. Ottaviano, Inc., 21 Misc 2d 814; Westchester Asphalt Distr. Corp. v. Yonkers Contr. Co., 4 A D 2d 774, affd. 4 N Y 2d 751.) There is no longer any requirement to so allege and plead and the instant complaint is not defective in this regard.
Additionally, there was a change in the wording of the statute as to the persons for whose benefit the section was enacted. The former provisions guaranteeing ‘ ‘ prompt payment of moneys due to all persons supplying the contractor or a sub-contractor with labor and materials employed and used in carrying out the contract, which bond shall inure to the benefit of the persons supplying such labor and materials ” were omitted, and the amendment (§ 137, subd. 1) provided a bond guaranteeing ‘1 prompt payment of moneys due to all persons furnishing labor or materials to the contractor or his subcontractors in the prosecution of the work provided for in such contract. ’ ’
The ambiguity of the former section permitted a construction which limited indemnity to laborers and materialmen who supplied either the subcontractor or general contractor; thus eliminating subcontractors themselves from the protection afforded, in their claims against the general contractor. Such interpretation was upheld in Smith & Sons v. Power Auth. of State of N. Y. (47 Misc 2d 1081), relying on authorities which construed the statute in its prior form. (Triple Cities Constr. Co. v. Dan-Bar Contr. Co., 285 App. Div. 299, affd. 309 N. Y. 665; Chittenden Lbr. Co. v. Silberblatt & Lasker, 288 N. Y. 396.) Even under these authorities, however, doubt existed as to whether subcontractors were themselves protected under the former law, since at least in one instance the complaint of a subcontractor lagainst the contractor, while dismissed for failure to allege the conditions precedent, was allowed time and an opportunity for amendment and was not dismissed unconditionally. (Triple Cities Constr. Co. v. Dan-Bar Contr. Co., 309 N. Y. 665, supra.)
Contra the holding of Smith & Sons v. Power Auth. (47 Misc 2d 1081, supra), the interpretation of the statute therein should not be extended to .the 1964 amendment. By a change of wording and emphasis the protection was broadened to include ‘ ‘ all *1051 persons furnishing labor or materials to the contractor or his subcontractors ”. Thus, a subcontractor, if he is a person furnishing labor and materials to the contractor is a person protected. To hold otherwise is to give the revised wording of the amendment no effect whatever. The amendment and its wording were patterned upon the Miller Act governing payment bonds for Federal public work. (U. S. Code, tit. 40, §§ 270a-270d.) (See Note of Law Revision Commission to chapter 700 of the Laws of 1964.) The Federal act clearly includes “ subcontractors ” within its provisions. (United States ex rel. Crowder v. Fidelity & Deposit Co. of Md., 114 F. Supp. 322; United States for use of Harrington v. Trione, 97 F. Supp. 522.) It was stated in United States for use of Jonathan Handy Co. v. Deschenes Constr. Co. (188 F. Supp. 270) that the right to bring suit on a payment bond under the Miller Act is limited to those material-men, laborers and subcontractors who have direct contractual relationship with the prime contractor.
It is concluded that the primary purpose of section 137 is to provide subcontractors a remedy by which they may recover sums due them when they would have failed under the old more stringent Lien Law. (Spanos Painting Contrs. v. Union Bldg. & Constr. Corp., 334 F. 2d 457 [C. C. A. 2d].)
Still a further reason compels this interpretation. In paragraph (b) of subdivision 4 of section 137 as amended it is provided that ‘ ‘ no action on a payment bond * * * shall be commenced after the expiration of one year from the date on which the claimant performed the last of the labor * * * except that if the claimant is a subcontractor of the contractor, no such action shall be commenced after the expiration of one year from the date on which final payment under the subcontract became due.” Clearly, therefore, the Legislature intended that the amendment would cover claims of subcontractors against contractors by providing for limitations on their actions against contractors.
Therefore, the defendant Peerless Insurance Company’s motion to dismiss the complaint as to it is hereby denied.