OPINION OF THE COURT
John R. Cannizzaro, J.
This is a motion for summary judgment by petitioners, for an order of final judgment of possession pursuant to CPLR 3212.
The petitioners are the owners of a three-family dwelling located at 88 Saratoga Avenue, Brooklyn, New York, where the respondent has been a resident of apartment No. 2 for more than 28 years.
On February 23, 1983 the petitioner landlord obtained a certificate of eviction from the local district rent office. Subse *25 guently, on March 27, 1983, the respondent filed a timely protest with the local rent office.
On September 28, 1983, during the pendency of respondent’s protest proceeding, the petitioner caused to be served upon the respondent a 30-day notice to terminate the tenancy, effective October 31,1983. Thereafter, a notice of petition and petition in holdover was personally served on respondent on November 9, 1983, returnable on November 14, 1983. On the return date, that holdover proceeding was marked “Off Calendar”, by reason of the stay requirements of the pending protest.
On January 9, 1984, respondent’s protest was denied by the Office of Rent Control. The respondent thereupon initiated an article 78 proceeding pursuant to the Civil Practice Law and Rules, seeking a review and annulment of the determination of the Rent Commission. On July 23, 1984, that application was denied and the article 78 proceeding was dismissed.
Respondent argues that the 30-day notice to terminate the tenancy was served but not in accordance with the applicable law; in that it was served in violation of the existing stay of the pending protest before the local rent director and further argues that she comes under the protection of the recently enacted amendment to the New York City Rent and Eviction Regulations and the Administrative Code of the City of New York, chapter 234 of the Laws of 1984, and, therefore, judgment of possession should not be granted to petitioners, and the petition be dismissed.
Petitioners argue that they were not served with notice of filing of the protest; and that they became aware of it, for the first time, upon the return date of the holdover proceeding.
Petitioners further argue that the newly enacted amendment is retroactive only as to applications pending on the administrative level and that there has been a final determination in the district rent office evidenced by the granting of the certificate of eviction which takes the instant case out of the reach of the amendment; and furthermore, that portion of the newly enacted amendment which applies to long-term tenants is unconstitutional as it is arbitrary, capricious and violative of the equal protection of the law.
A certificate of eviction does not give the landlord the instant right to possession; it merely authorizes the landlord to pursue any remedies which may be available to him for a judgment of possession. (See Parker v Porter, 154 F2d 830; Parker v Fleming, 329 US 531; Matter of Tartaglia v McLaughlin, 297 NY 419.)
*26 Fundamentally, the certificate of eviction is petitioner’s jurisdictional prerequisite for commencing an action for summary proceeding in holdover and a necessary element to obtaining a final judgment of possession. More specifically, in those cases where a month-to-month tenancy has the protection of rent control legislation, the certificate of eviction removes such protection and permits termination of the month-to-month tenancy by the service of a 30-day notice.
A timely filing of a protest with the Rent Commission by the tenant, against whom the certificate of eviction is obtained, stays the order granting the certificate of eviction until the final determination of the protest by the Commissioner. (New York City Rent and Eviction Regulations, § 101, subd a.)
In the instant case, after petitioner obtained a certificate of eviction, the tenant filed a timely protest against that order as per subdivision a of section 101 above. In accordance with the statute, tenant’s protest stayed the effectiveness of that order granting the certificate pending a “final determination” of the protest. In effect, the parties were restored to a status quo position until the review determination could be completed.
This court rejects petitioner’s argument. Even assuming the lack of notification to landlord of the protest proceeding, the fact remains that the protest was filed timely and such protest was considered by the Rent Commission. The challenge to the validity of the protest proceeding was determined in the proper court of jurisdiction. Therefore, this court is concerned only that the protest was filed and that it, in fact, was considered by the Rent Commission.
Based upon the foregoing, this court holds that during the pendency of the protest determination, a statutory stay of the order of the certificate of eviction was in force.
Since respondent’s tenancy was protected by the rent control laws, such protection remained in force during the tenure of the stay. Consequently, any action to terminate the tenancy taken by the landlord which would be prohibited under rent control protection would therefore be prohibited during the term of the stay.
When petitioner proceeded with the original summary holdover action, this case was marked “Off Calendar” pending a determination of the protest and review proceedings. After the article 78 action was dismissed, petitioners moved forward with a motion for summary judgment pursuant to CPLR 3212.
This court must now determine the effect of this action, with specific regard to the previous “Off Calendar” marking. *27 Such a marking is generally disfavored and its use avoided — the off calendar procedure has been referred to as an anomaly in the law which puts an action in a state of “limbo” until such time as it becomes restored to the Trial Calendar. In effect, the “off calendar” marking defers any existing arguments for or against the merits of the action until such time as the case is restored to the calendar.
Since it is not within the province of this court to review, as an appellate tribunal, an earlier decision of this court, we must accept the “Off Calendar” status of this case as per that prior ruling. At this point in time, by virtue of the fact that a final determination of tenant’s protest has now been made and the stay of the order granting the certificate of eviction has therefore been lifted, the present summary judgment motion of petitioner serves to restore this action to the Trial Calendar.
Although tenant’s protest has been recently dismissed the court is nevertheless compelled to consider those facts existing at the time of the “Off Calendar” ruling, including the fact that the stay of the order granting the certificate was in force at that time, as was the rent control protection previously afforded tenant. By law, the legal status and relations of the parties “are to be determined as of the time they are declared.” (Quaker Oats Co. v City of New York, 295 NY 527, 536; see Graybar Elec. Co. v New Amsterdam Cas. Co., 292 NY 246.)
Consequently, this court now concludes that the 30-day notice to terminate respondent’s tenancy issued by petitioners during the stay period, was issued in violation of the rent control protection, was thus, without force or effect upon respondent’s tenancy. Indeed, as earlier concluded, the stay of the order granting the certificate of eviction preserved tenant’s rent control protection, and this stay could therefore be nothing less than fatal to any attempts to terminate such tenancy.
Although the court has retained this proceeding as a consequence of the prior “off calendar” decision, we must now recognize that the 30-day notice to terminate, invalid at inception, cannot be revived by a subsequent, favorable change of facts, i.e, the termination of the stay.
Since this proceeding is jurisdictionally defective by virtue of the invalid notice to terminate the court lacks subject matter jurisdiction, and that holdover proceeding must be accordingly dismissed.
As a natural consequence of the dismissal, issue herein has not been joined, and the court cannot properly entertain the *28 merits of the motion for summary judgment brought pursuant to CPLR 3212.
Assuming, arguendo, that petitioners were now to reissue and re-serve a new 30-day notice to terminate respondent’s tenancy, this court believes that a summary proceeding in holdover to remove tenant would fail because of the terms of the newly enacted amendment to the Rent and Eviction Regulations and Administrative Code of the City of New York (L 1984, ch 234).
The salient terms of the new law provide that a landlord may proceed to obtain owner-occupancy possession of a housing accommodation except where a member of such household “has been a tenant in a housing accommodation in that building for twenty years or more”. The statute further provides that this exception “shall apply to any tenant in possession at or after the time it takes effect, regardless of whether the landlord’s application for an order * * * took place before this act shall have taken effect.”
The above terms of the statute indicate to this court that, at a minimum, a tenant with the legal right to possession, at the time that the statute was enacted, would be protected from eviction by the statutory exception provided therein.
For reasons stated below, we believe that the respondent in the instant case had the legal right to possession at the time of the statute’s enactment, and therefore cannot now be evicted through the use of a notice to terminate or by any other means.
A tenant’s legal right to possession under rent control continues at least until such times as an order granting a certificate of eviction is issued by the Rent Commission. Such legal right then continues, pursuant to subdivision a of section 101 of the New York City Rent and Eviction Regulations by stay of the eviction order during the pendency of a protest determination. Furthermore, we believe that for purposes of the amended law, this right continues further until such time as all review proceedings are concluded.
In the instant case, tenant brought an article 78 proceeding to review the order granting the certificate of eviction, after the protest was denied by the Rent Commission. Although the statutory stay of the order is no longer in force, the tenant would not be removed by a holdover proceeding until the determination of that final appeal.
As a result, we believe that, for purposes of the statutory amendment, tenant must be considered to have a legal right to *29 possession until such time as tenant’s appeal prerogatives have been exhausted.
“Parties obtain no vested rights in the orders or judgments of courts while they are subject to review” (Matter of Boardwalk & Seashore Corp. v Murdock, 286 NY 494, 498; see, also, American Foundries v Tri-City Council, 257 US 184).
Since the tenant’s “legal right to possession” continued throughout the article 78 proceeding, this court holds that the new statute, enacted prior to the conclusion of such proceeding would apply to respondent’s tenancy and would protect respondent from eviction.
Should petitioners choose to serve another 30-day notice to terminate respondent’s tenancy and commence another summary proceeding in holdover, the court may address the question of the applicability and constitutionality of the newly enacted amendment to the Rent and Eviction Regulations and Administrative Code of the City of New York, chapter 234 of the Laws of 1984, at that time.
By reason of the foregoing, petitioners’ motion for summary judgment pursuant to CPLR 3212 is denied and the petition and notice of petition is dismissed.