JOSEPH GRAZIANO et al., Individually and as Copartners Doing Business as JOSEPH GRAZIANO COMPANY, Respondents, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.— In an action in which the plaintiffs sue in the Supreme Court, Nassau County, to recover as claimants under a bond issued by defendant for the benefit of claimants supplying material or labor under a construction contract, defendant appeals from an order granting plaintiffs' motion to strike out the defendant's third defense which asserts that by the terms of said bond plaintiffs were precluded from suing except in Suffolk County. Order affirmed, with $10 costs and disbursements. The bond was executed in this State, where the right to sue in courts in the subdivisions of the State is controlled by statute (Civ. Prac. Act, § 182, *et seq.*) The parties to the bond obviously intended that the defendant was to pay up to a specified sum all unpaid claimants against the principal, who came within the definition of claimant in the bond. They stipulated that suit to establish the claims might be instituted by those who come within the definition. Neither in the definition nor the stipulation as to the right to sue was there specific exemption of persons who could not as matter of right sue in the county where the building was erected. The provision in the bond as to the place of trial affects the remedy and does not limit the cause of action of the plaintiffs who are claimants as defined in the bond and cannot sue as matter of right in Suffolk County. (Cf. *Benson* v. *Eastern Bldg. & Loan Assn.,* 174 N. Y. 83.) Nolan, P. J., MacCrate, Schmidt and Ughetta, JJ., concur; Murphy, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: The defendant entered into a bond, executed by a contractor and itself, to be bound unto the board of education, Melville, Towns of Huntington and Babylon, Suffolk County, as owner, for the benefit of claimants under a contract between the contractor and owner. It is provided in the bond, as a condition, that no suit in a State court shall be commenced thereunder by any claimant other than in and for the county in which the project is situated. That county in this instance is Suffolk County. This action on the bond by claimants has been commenced in Nassau County. The bond is not one required by statute. The remedy afforded by this bond, which is in addition to remedies available to plaintiffs as a matter of right, can be invoked by these third-party beneficiaries only in accordance with its terms.

(*Dunning* v. *Leavitt*, 85 N. Y. 30, 35.) If the provision as to place of commencement of action is illegal and cannot be complied with, then the bond affords no remedy to plaintiffs. (Restatement, Contracts, § 140.) The plaintiffs cannot excise its provisions to suit themselves. It was sufficient to allege, as a separate defense, the foregoing condition precedent and the failure to comply therewith in commencing this action. [See *post*, p. 1013.]