Jack Stanislaw, J.
Defendant moves for a change of venue from Queens County to Nassau County on the grounds that the bond, which is the subject of this lawsuit, provides that no suit or action thereon shall be commenced except “ in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court ’ ’ and that the project involved is located in Nassau County.
Plaintiff cross-moves for an order directing that the place of trial be retained in Queens County, on the grounds that (1) plaintiff is not bound by the venue provision of the bond, since it was not a party thereto; and (2) the convenience of parties would best be served by retaining the action in Queens. But in order to prevail in its claim against movant, plaintiff must rely upon the benefits which accrue to it by reason of the execution of the bond. It is, therefore, a third-party beneficiary (Lawrence v. Fox, 20 N. Y. 268) whose rights, as against the maker of the bond, are limited to the terms thereof. The holding in Graziano v. Indemnity Ins. Co. of North America (286 App. Div. 867) is not to the contrary. The decision, in that case, merely indicates that the provision in the bond with respect to the place of trial affects the remedy (i.e., procedural issues relating to venue) but does not limit the cause of action (i.e., substantive rights, sufficient to constitute an affirmative defense). Venue is a procedural issue and does not affect the substantive rights of the parties. Thus, there is no merit to the first ground asserted by plaintiff.
Under CPLR 501, a written agreement fixing place of trial made before an action is commenced may be enforced, subject to the provisions of CPLR 510 (subd. 2) (i.e., that an impartial trial cannot be had in the proper county). Since plaintiff’s second ground is based only upon convenience of witnesses and has no relation to CPLR 510 (subd. 2), it, too, is insufficient.
Accordingly the cross motion is in all respects denied and the motion to change the venue of this action to the Supreme Court of Nassau County is granted (CPLR 501; Frontier Excavating v. St. Paul Fire & Marine Ins. Co., 50 Misc 2d 232, affd. 26 A D 2d 794). Settle order.