## (October 21, 1983)

■ In the Matter of BERNARD C. LUCCHESE et al., Appellants-Respondents, v PHILIP J. ROTELLA et al., Respondents-Appellants, and HELENA M. DONOHUE et. al., Respondents. — Cross appeals from a judgment of the Supreme Court at Trial Term (Cholakis, J.), entered October 12, 1983 in Albany County, which dismissed petitioners' application in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the certificate of nomination naming certain respondents as candidates of the Democratic Party for various town offices in the Town of Haverstraw, Rockland County, in the November 8, 1983 general election. This case involves the Democratic Party nominations for town offices in the Town of Haverstraw, Rockland County, and the effect of a recent amendment to section 6-108 of the Election Law on those nominations. The Laws of 1982 (ch 352, § 1, eff June 21, 1982) amended section 6-108, which governs party nominations for town offices, to read as follows: "1. * * * In any other town [in a county having a population of 750,000 inhabitants or less], nominations of candidates for town offices shall be made by caucus or primary election as prescribed by the rules of the county committee * * * If the rules of a county committee do not provide for a method of nomination, all such nominations shall be made in accordance with the existing practice in the town." On September 15, 1983, a convention of the Democratic committeemen from the Town of Haverstraw was held and candidates from that party were chosen for the upcoming town elections. Objections were duly filed against these nominations and this proceeding was commenced by petitioners due to their belief that said nominations were invalid and contrary to the 1982 amendment to section 6-108 of the Election Law in that they were not chosen by means of a caucus or primary election. Venue for the proceeding was laid in Albany County due to the inclusion of the State Board of Elections and the Attorney-General as respondents. Respondent candidates and officers of the Town of Haverstraw Democratic Committee moved to dismiss the proceeding on the grounds, *inter alia,* that the Supreme Court, Albany County, lacked jurisdiction to hear the matter, that personal jurisdiction over respondent Charles Apotheker was not obtained, and that petitioners were collaterally estopped from litigating the

effect of the 1982 amendment on the practice of the Town of Haverstraw Democratic Committee of making nominations for town offices by means of a committee convention. The basis of respondents' collateral estoppel argument was an unappealed decision made earlier this year by a Supreme.Court Justice in Rockland County which held that the various Democratic town committees in Rockland County could continue to nominate by committee convention since that method was an existing practice which the new amendment to section 6-108 of the Election Law specifically allowed to continue. In ruling on respondents' motion to dismiss in the instant proceeding, Trial Term held that it had jurisdiction over the matter and, in dictum, stated that venue was proper in both Rockland and Albany Counties but refused to transfer the proceeding to Rockland County.[1] Trial Term also found that respondent Apotheker was properly served and thus subject to the court's jurisdiction. Trial Term did, however, dismiss the proceeding on the basis of respondents' collateral estoppel argument. The court found that the two commissioners of the Rockland County Board of Elections, who were respondents in both this proceeding and the earlier one in Rockland County, were estopped from relitigating the issue involved and that petitioners in this proceeding were similarly estopped since they were in privity with one of the commissioners, respondent F. Wilson Smith. The basis for Trial Term's finding of privity appears to be that one of petitioners is respondent Smith's daughter and several other petitioners had their specifications of objections to the certificates of nomination in issue witnessed by Smith. Petitioners appeal the dismissal of their petition while respondent candidates and town Democratic committee officers cross-appeal from that portion of the judgment which denied their motion to dismiss based on the jurisdictional objections. There must be a reversal. We find nothing in this record which demonstrates that petitioners in this proceeding are in privity with respondent Smith and thus estopped, as he may be, from attacking the determination reached in the prior Rockland County proceeding. Whatever inferences of control over petitioners which may be drawn from Smith's relationship to one of the petitioners and the fact that he witnessed the specifications of several others, it is crucial to note that these activities were personal in nature and not connected to his position as an election commissioner, in which capacity he was named as a respondent in both proceedings. Moreover, Trial Term's decision dismissing the petition cannot be upheld based on the jurisdictional prongs of respondents' motion to dismiss which were decided against them. Assuming, *arguendo,* that venue was improperly laid, such a mistake would still not deprive the Supreme Court, Albany County, of jurisdiction to hear this matter. The Supreme Court has been granted jurisdiction over proceedings involving the Election Law (Election Law, § 16-100). It cannot be divested of that jurisdiction even when a proceeding is commenced in the wrong county since objections to improper venue are waivable. The remedy of a party who feels that a proceeding has been brought in an improper county is to utilize the provisions of CPLR article 5 to seek a

1. Although some of the moving papers in support of respondents' motion to dismiss indicate that Supreme Court, Albany County, was being requested to change venue and transfer this proceeding to Rockland County, our reading of all of the papers submitted on the motion leads us to conclude that Supreme Court, Albany County, was not being asked to *transfer* this proceeding but was instead being urged to *dismiss* the matter on the theory that the court did not have jurisdiction of the case due to the fact that venue was only proper in Rockland County. Consistent with this conclusion is respondents' own action on October 5, 1983, the very date that Supreme Court, Albany County, rendered its decision dismissing this proceeding, whereby a motion was made pursuant to CPLR 511 (subd [b]) in Rockland County requesting that the proceeding be transferred to that county. Respondents had previously served a demand for a change of venue to Rockland County dated September 27, 1983 on petitioners.

transfer.[2] Nor do we find any merit to the other jurisdictional issues raised. Having disposed of the threshold issues raised against this proceeding in favor of petitioners, we turn now to the merits. The Town of Haverstraw Democratic Committee cannot rely on the 1982 amendment to subdivision 1 of section 6-108 of the Election Law as authority for their action in nominating candidates by committee convention since, by its very terms, that provision is not applicable to this situation. The relevant language of subdivision 1 of section 6-108 allows the existing nominating practice of a town to continue "[i]f the rules of a county committee *do not* provide for a method of nomination" (emphasis added). Since the rules of the Rockland County Democratic Committee specifically provide that "[t]he nomination of Democratic candidates for all elective town offices shall be made by the Town Committee of each town" (art 7, rule 7.1), respondents must abide by the general requirement of subdivision 1 of section 6-108 of the Election Law which mandates that town nominations be made by caucus or primary election. Since neither of these two methods were used, the petition is granted and the certificate of nomination naming respondent candidates must be declared invalid. Judgment reversed, on the law and the facts, without costs, petition granted, and certificate of nomination declared invalid. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.

---

2. It should be noted that petitioners have, in our view, waived their right to seek a transfer of this proceeding to Rockland County since, by making their motion to dismiss in Albany County on September 28 before the requisite five-day period allowed for objecting or consenting to the demand for transfer contained in CPLR 511 (subd [b]) had transpired, they forced a resolution of this proceeding in Albany County. Having prevailed on their motion to dismiss the proceeding, there is no longer any proceeding left at the trial level which could be transferred to Rockland County.