■ DAVID BUHLER, an Infant, by His Mother and Natural Guardian, JUDITH BUHLER, et al., Respondents, v FRENCH WOODS FESTIVAL OF THE PERFORMING ARTS, INC., et al., Appellants.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered April 2, 1987, which granted plaintiffs-respondents' motion to reargue and, upon reargument, vacated a prior order of said court, filed October 8, 1986, granting defendants-appellants' motion for change of venue to Delaware County, is unanimously reversed, on the law, and the order filed October 8, 1986 reinstated, without costs.

This appeal arises out of a personal injury action brought by plaintiffs, residents of the State of Florida, to recover damages for the alleged negligence of the corporate defendants, which operate a summer camp in Delaware County, New York. During the summer of 1985, the infant plaintiff, David Buhler (plaintiff), was enrolled at the camp for a three-week period commencing June 23, 1985 and ending July 14, 1985.

On June 26, 1985, plaintiff was injured while operating a go-cart at the camp. He was initially examined at Binghamton General Hospital in Delaware County, and transferred the following day to Crouse Irving Memorial Hospital in Syracuse, New York, where he underwent surgery for a fractured femur. Approximately one week later, plaintiff returned to his home in Florida, and continued to receive medical treatment at the Florida Medical Center.

This action was commenced on or about March 17, 1986, by plaintiff's mother, Judith Buhler, who sued in his behalf and individually, and issue was joined on or about July 17, 1986. On August 6, 1986, defendants moved for a change of venue pursuant to CPLR 510 and 501, on the grounds that there was no substantial nexus between the action and the County of New York and that venue was fixed by a clause in the contract of enrollment which provided as follows: "The venue of any dispute that may arise out of this agreement or otherwise between the parties to which the camp or its agents is a party shall be either the Village of Hancock, N.Y. Justice Court or the County or State Supreme Court in Delaware County."

By order filed October 8, 1986, the IAS court granted defendant's motion, holding that the choice of venue provision in the contract was binding on the parties pursuant to CPLR 501 and, additionally, that no nexus between New York County and the action had been established. Thereafter, upon plaintiffs' motion to renew and reargue the change of venue application, the court granted reargument and reversed its original order. This was error.

It has long been held that a transitory cause of action should, all things being equal, be tried in the county where the cause of action arose. (Slavin v Whispell, 5 AD2d 296; Brunner v Joubert, 118 AD2d 424.) Here, plaintiffs' sole basis for maintaining jurisdiction in the County of New York is defendant's listing of New York County as its place of business in its certificate of incorporation. In fact, defendants have only one office in the State of New York, which is situated in Delaware County. (See, CPLR 503 [c].) This circumstance,

taken in conjunction with plaintiffs' Florida residence and the fact that the cause of action arose in Delaware County, militates against retaining venue in the County of New York.

Moreover, we find that plaintiffs are contractually bound, as provided in CPLR 501, to litigate this matter in Delaware County. In this context, we reject plaintiffs' argument that the contract signed by the mother of the infant plaintiff is not binding in an action brought on his behalf. While the contract of enrollment in the summer camp was executed by adults, it was clearly an agreement for the benefit of the plaintiff, and its terms are, therefore, applicable to him as a third-party beneficiary, even for the purposes of CPLR 501. *(See, Flush Metal Partition Corp. v Nuovo Corp.,* 57 Misc 2d 900.) Concur —Murphy, P. J., Kupferman, Ross, Asch and Kassal, JJ.