■ B&H INTERIOR CONTRACTING, INC., Appellant, v YONKERS CONTRACTING COMPANY, INC., et al., Respondents. (And Another Action.) [650 NYS2d 218] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered March 12, 1996, which granted plaintiff's motion to the extent of ordering consolidation of the two actions for joint trial in Westchester County, unanimously reversed to the extent appealed from, on the law and the facts, and in the exercise of discretion, without costs, and venue placed in Bronx County.

Defendant Yonkers Contracting Company, Inc. entered into a contract with the New York State Thruway Authority for the reconstruction of the New England Thruway Bridge over the Eastchester Creek and for the cleaning and painting of the Conner Street Bridge over the Thruway in Bronx County. The work on the project was to be performed and completed in Bronx County. The labor and material bond posted by Yonkers contained a venue provision designating the place of the trial of any action as the location of the subject project.

Plaintiff B&H Interior Contracting, Inc. and Yonkers entered into a written subcontract whereby plaintiff agreed to complete a portion of the work on the project. Defendant Yonkers held the plaintiff in default on the subcontract and two actions involving the project were commenced by the litigants. The first was commenced in Westchester County by defendant Yonkers against its sureties, namely St. Paul Fire and Marine Insurance Company, Seaboard Surety Company, and National Union Fire Insurance Company of Pittsburgh. Thereafter, plaintiff commenced an action in Bronx County against defendant Yonkers and its sureties, wherein plaintiff asserted rights under the payment bond.

Plaintiff moved for consolidation of the two actions, and to

have the venue placed in Bronx County pursuant to the language of the labor and material bond. Defendants, while consenting to this consolidation, in a cross-motion urged that venue be placed in Westchester County, where the first action was commenced.

The IAS Court granted consolidation and placed the venue in Westchester County and B&H Interior Contracting, Inc. appeals.

While the county where the first action was commenced would, in a joint trial, ordinarily be the proper venue (*Fields v Zweibel*, 36 AD2d 808), here the specific provision of the labor and material bond on which suit was brought has a venue provision for the location of the project which, in this case, is Bronx County, and there has been no waiver of this provision (*see, Fields v Zweibel, supra; see also, Alwinseal, Inc. v Travelers Indem. Co.*, 61 AD2d 803). Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.