■ DOGMOCH INTERNATIONAL CORPORATION et al., Appellants, v DRESDNER BANK AG, Respondent. [757 NYS2d 557] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered February 22, 2002, dismissing the complaint and bringing up for review an order, same court and Justice, entered February 13, 2002, which granted defendant's motion to dismiss pursu-

ant to a forum selection clause and on the ground of forum non conveniens, unanimously affirmed, with costs.

The action was properly dismissed, as to all parties, pursuant to a forum selection clause contained in certain bank deposit agreements executed by plaintiff account holders Mahlia Stiftung and Flowtex Arab International S.A.L. with nonparty Dresdner Bank (Schweiz) AG (Dresdner Schweiz), which is a subsidiary and alleged alter ego of defendant Dresdner Bank AG. The deposit agreements, which were broadly drafted to encompass any legal disputes relative to the account deposits, specifically provided that foreign account holders, as is the case with plaintiffs, would be subject to the jurisdiction of Swiss courts if the accounts were maintained in Switzerland. The account-holder plaintiffs maintained their accounts at Dresdner Schweiz, situated in Geneva, Switzerland. Although defendant was a nonsignatory to the account agreements, it was reasonably foreseeable that it would seek to enforce the forum selection clause given the close relationship between itself and its subsidiary, Dresdner Schweiz (*see Frietsch v Refco, Inc.*, 56 F3d 825, 827-828 [1995]; *see also In re Lloyd's Am. Trust Fund Litig.*, 954 F Supp 656, 669-670 [1997]). Plaintiffs' own complaint alleges facts that would support the requisite close relationship, and principles of mutuality and fairness would dictate placing the litigation in Switzerland. In this action challenging Dresdner Schweiz's alleged wrongful dishonor of plaintiffs' requests to transfer monies from its Swiss bank accounts to their bank accounts in Beirut, Lebanon, the agreements were executed in Switzerland; the residency of the parties is predominantly European; the corpus is located in Switzerland; Swiss law is, by agreement, to govern; and there is no nexus with New York other than the presence of a single, uninvolved Dresdner Bank branch along with plaintiffs' vague references to business conducted in New York.

The court properly exercised its discretion when it also dismissed the action on the independent ground of forum non conveniens (*see* CPLR 327; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474 [1984], *cert denied* 469 US 1108 [1985]). Concur—Buckley, P.J., Rosenberger, Ellerin, Wallach and Lerner, JJ.