■ Tatko Stone Products, Inc., Appellant, v Davis-Giovinzazzo Construction Company, Inc., et al., Defendants, and Great American Insurance Company, Respondent. [883 NYS2d 665]—

McCarthy, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered May 22, 2008 in Washington County, which granted a motion by defendant Great American Insurance Company to dismiss the complaint.

Defendant Great American Insurance Company issued a surety bond for masonry work performed by defendant Davis-Giovinzazzo Construction Company, Inc. on a construction project located in New Jersey. Plaintiff contracted to supply material to Davis for the project and now seeks payment under the surety bond for unpaid invoices. The bond, however, contains a forum selection clause which requires that any suit or action on it be brought in the state where the project was located, i.e., New Jersey. At issue is an order of Supreme Court granting a motion by Great American to dismiss the complaint on the ground of improper venue.

We note first that, having raised the issue of improper venue as an affirmative defense in the answer, Great American did not waive the issue and could thereafter rely upon this defense in seeking dismissal of the action (see Lischinskaya v Carnival Corp., 56 AD3d 116, 118 [2008], lv denied 12 NY3d 716 [2009]). In addition, as Great American did not follow the precise statutory procedures outlined under CPLR 511 (see CPLR 511 [a], [b]), the relief sought in its application became a discretionary matter (see Callanan Indus. v Sovereign Constr. Co., 44 AD2d

292, 295 [1974]).\* While Supreme Court may have erred in deciding the matter on subject matter jurisdiction grounds (*see Matter of Lucchese v Rotella*, 97 AD2d 645, 646 [1983], *affd* 60 NY2d 815 [1983]), we find that dismissal of the complaint was nevertheless warranted based on the venue provision of the bond (*see* CPLR 501; *see also Dogmoch Intl. Corp. v Dresdner Bank*, 304 AD2d 396, 397 [2003]; *Premium Risk Group v Legion Ins. Co.*, 294 AD2d 345, 345-346 [2002]; *B&H Interior Contr. v Yonkers Contr. Co.*, 234 AD2d 44, 45 [1996]; *Alwinseal, Inc. v Travelers Indem. Co.*, 61 AD2d 803, 803-804 [1978]).

"It is well established that forum selection clauses are valid absent a showing that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or over-reaching" (*VOR Assoc. v Ontario Aircraft Sales & Leasing*, 198 AD2d 638, 639 [1993] [citations omitted]; *see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]; *Harry Casper, Inc. v Pines Assoc., L.P.*, 53 AD3d 764, 764-765 [2008]). Here, in seeking to enforce the bond as a third-party beneficiary of it, plaintiff, in absence of any evidence of unreasonableness, fraud or overreaching (*compare 3H Enters. v Bennett*, 276 AD2d 965, 966 [2000], *lv denied* 96 NY2d 710 [2001]), is bound by its forum selection provision (*see B & H Interior Contr. v Yonkers Contr. Co.*, 234 AD2d at 45; *Buhler v French Woods Festival of Performing Arts*, 154 AD2d 303, 305 [1989]; *Alwinseal, Inc. v Travelers Indem. Co.*, 61 AD2d at 803-804; *Callanan Indus. v Sovereign Constr. Co.*, 44 AD2d at 294; *Khan Enter. Constr., Inc. v P & K Contr., Inc.*, 13 Misc 3d 1207[A], 2009 NY Slip Op 51714[U] [2006]; *Flush Metal Partition Corp. v Nuovo Corp.*, 57 Misc 2d 900, 901 [1968]; *Frontier Excavating v St. Paul Fire & Mar. Ins. Co.*, 50 Misc 2d 232, 233 [1966]; *see generally Harry Casper, Inc. v Pines Assoc., L.P.*, 53 AD3d at 765). As plaintiff has advanced unpersuasive grounds upon which this Court might disregard the forum selection provision in the bond, we affirm dismissal of the action (*see e.g. Dogmoch Intl. Corp. v Dresdner Bank*, 304 AD2d at 397; *Premium Risk Group v Legion Ins. Co.*, 294 AD2d at 346; *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234 [1991]; *Di Ruocco v Flamingo Beach Hotel & Casino*, 163 AD2d 270, 271-272 [1990]).

Particularly unpersuasive is plaintiff's claim that dismissal is improper because Great American failed to demonstrate that the subject bond was "properly authenticated." While it would have been preferable for Great American to include the entire,

---

\* Great American moved to dismiss the action on venue grounds 17 days after an improperly-entered default judgment was vacated.

properly executed bond agreement in its moving papers, we are unpersuaded that this omission was fatal to the requested relief. First, there can be no real dispute that a valid and enforceable surety bond exists; indeed, plaintiff is relying upon it for relief in the first instance. More importantly, Great American submitted an affidavit of a senior claims analyst who averred that the subject bond contained a "venue provision" which requires that this action be venued in New Jersey. The analyst attached the relevant excerpt from a copy of the bond to his affidavit. This evidence was sufficient for Great American to establish the precise language of the subject forum selection clause.

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.