In the Matter of STEVEN L. AARON et al., Respondents, v THE STEELE LAW FIRM, P.C., Appellant. [8 NYS3d 664]—

McCarthy, J.P. Appeals (1) from an order of the Supreme Court (Mott, J.), entered January 10, 2014 in Ulster County, which imposed sanctions against respondent pursuant to 22 NYCRR 130-1.1 and 130-1.2, and (2) from the judgment entered thereon.

In 2013, respondent commenced an action against petitioners in Supreme Court in Oswego County seeking to recover unpaid legal fees. Prior to joinder of issue, the parties engaged in settlement negotiations. Respondent eventually advised petitioners that it demanded an appearance or service of an answer by October 4, 2013. On Friday, October 4, petitioners filed a notice of motion to dismiss with the Oswego County Clerk's office and mailed a copy of the motion to respondent. At 9:23 a.m. on Monday, October 7, 2013, respondent filed a default judgment with the County Clerk's office against petitioners in the amount of $309,535.46, which respondent alleged comprised the principal sum sought, accrued interest, costs, disbursements and counsel fees.

In the afternoon of October 7, 2013, respondent received petitioners' motion papers and an affidavit of service by mail dated October 4, 2013. On October 8, 2013, respondent sent restraining notices and information subpoenas to several banks where petitioners potentially had accounts. On October 9, 2013, respondent sent petitioners' counsel a letter acknowledging receipt of the motion papers, objecting to the motion as untimely and stating that "[w]e will address this in our opposition papers." On October 15, 2013, respondent sent restraining notices and information subpoenas to additional banks, some of which then froze millions of dollars in accounts held by petitioners.

Petitioners commenced this proceeding in Supreme Court in Ulster County pursuant to CPLR 5240, by order to show cause, seeking a protective order vacating all restraining notices and other enforcement devices arising from the default judgment, as well as counsel fees, costs and sanctions. Supreme Court issued a temporary restraining order vacating all restraining notices and other enforcement devices. Respondent cross-moved for, among other things, a change of venue to Oswego County. Supreme Court denied respondent's cross motion. Having found that respondent engaged in frivolous conduct, the court directed respondent to reimburse petitioners' costs and counsel fees incurred in prosecuting this proceeding, which order was

incorporated into a judgment. The court also mandated that Kimberly Steele, respondent's managing attorney, complete eight additional hours of accredited continuing legal education (hereinafter CLE) training in the area of New York civil practice. Respondent appeals.

By failing to comply with the statutory procedure for changing venue, respondent was not entitled to a change of venue as of right. Where a respondent believes that a petitioner has chosen an improper venue, the respondent shall serve, with or before service of the answer, a written demand on the petitioner that venue be changed to a county that the respondent specifies as proper (*see* CPLR 511 [a], [b]). The petitioner has five days after service of the demand to serve a written consent to change venue (*see* CPLR 511 [b]). If no such consent is served by the petitioner, the respondent must move to change venue within 15 days of service of the demand (*see* CPLR 511 [b]). If a respondent fails to comply with these procedures and time limits, the respondent is not entitled to have the motion granted as of right, even if the venue was improper; the motion instead becomes one addressed to the court's discretion (*see Jackson v Jamaica Hosp. Med. Ctr.*, 119 AD3d 1193, 1194 n 2 [2014]; *Tatko Stone Prods., Inc. v Davis-Giovinzazzo Constr. Co., Inc.*, 65 AD3d 778, 778 [2009]; *Callanan Indus. v Sovereign Constr. Co.*, 44 AD2d 292, 295 [1974]). Here, respondent served a cross motion seeking to change venue without having first served a demand for such relief. Accordingly, the motion was addressed to Supreme Court's discretion.

Because Supreme Court did not exercise discretion, but instead ruled on the venue motion as of right, we will consider the motion in our discretion. CPLR 510 lists three grounds upon which a court may, upon motion, change venue. Those grounds are (1) the designated county is not a proper county, (2) "there is reason to believe that an impartial trial cannot be had in the proper county" or (3) "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510).

As for the first ground, we disagree with Supreme Court's determination that venue was proper in Ulster County. CPLR article 52 deals with the enforcement of money judgments. Petitioners commenced this proceeding in Ulster County pursuant to CPLR 5240, which provides that "[t]he court may at any time, on . . . the motion of any interested person, . . . make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." If a judgment that is sought to be enforced was entered in

Supreme Court anywhere in New York, "a special proceeding authorized by [CPLR article 52] shall be commenced, either in the supreme court or a county court, in a county in which the respondent resides or is regularly employed or has a place for the regular transaction of business in person," if such a county exists in the state (CPLR 5221 [a] [4]). CPLR 5240 is found within CPLR article 52, and the Court of Appeals has stated that a request for court action under CPLR 5240 is properly commenced as a "special proceeding" (*Cruz v TD Bank, N.A.*, 22 NY3d 61, 68 [2013]). Respondent, by its very designation in the caption, is the "respondent" as mentioned in CPLR 5221 (a). Respondent is a law firm with its main office in Oswego County, which is considered its residence (*see* CPLR 503 [c]), and no office or place of business in Ulster County. Under a plain reading of CPLR 5221 (a), the instant special proceeding was required to be commenced in Oswego County (or another county in New York where respondent has an office where it regularly transacts business), rather than Ulster County.

Petitioners contend that subdivision (b) of CPLR 5221 applies here rather than subdivision (a). We disagree, because CPLR article 52 authorizes judgment debtors and others—as well as judgment creditors—to initiate a special proceeding (*see Cruz v TD Bank, N.A.*, 22 NY3d at 74-76), and this is a special proceeding that falls within subdivision (a). Even if subdivision (b) applied, however, the result would be the same. CPLR 5221 (b) provides that "[a] notice or subpoena authorized by [CPLR article 52] may be issued from, and a motion authorized by [CPLR article 52] may be made before, any court in which a special proceeding authorized by [CPLR article 52] could be commenced if the person served with the notice, subpoena or notice of motion were respondent." Although the instant special proceeding was brought in response to respondent serving restraining notices and information subpoenas on third parties—and while the recipients or potential recipients of restraining notices and subpoenas, namely banks, could be considered the "respondent[s]" pursuant to CPLR 5221 (b) for venue purposes when such devices are sought—no one was seeking to have such devices issued by a court here. CPLR 5240 does mention a "motion" being sought by "any interested person." If we consider the relief being sought in this proceeding as constituting such a motion by petitioners, the proceeding must be brought in a county that would be appropriate under CPLR 5221 (a) "if the person served with the . . . notice of motion were respondent" (CPLR 5221 [b]). Here, respondent was the "respondent" pursuant to CPLR 5221 (b) because respondent was served with the notice of motion seeking relief

pursuant to CPLR 5240. Thus, as Oswego County, rather than Ulster County, is the proper venue under either subdivision of CPLR 5221, the first ground under CPLR 510 could support respondent's discretionary motion to change venue.

The second ground for discretionary change of venue does not support a change, as the record contains no information that an impartial trial would be difficult to obtain in Oswego County. As for the third ground, petitioners asserted that they are residents of Ulster County and the banks that were served the restraining notices and information subpoenas are all in or around Ulster County, so numerous material witnesses appear to be located in that county. Additionally, it appears that the ends of justice would not be promoted by changing venue. In sum, the first ground would support changing venue, while the second and third grounds do not. Although Supreme Court erred in denying respondent's cross motion as of right, in the exercise of our discretion we reach the same conclusion. Thus, we will address the merits.

Supreme Court properly ordered respondent to pay petitioners' costs and counsel fees. Courts, in their discretion, may make such awards to reimburse a party "for actual expenses reasonably incurred" due to frivolous conduct by another party or attorney (22 NYCRR 130-1.1 [a]). Here, respondent filed a default judgment less than half an hour after the County Clerk's office opened on the first business day following the deadline for petitioners to answer. This was unreasonable, considering that "service by mail shall be complete upon mailing" (CPLR 2103 [b] [2]; *see Kreamer v Town of Oxford*, 96 AD3d 1130, 1131 n 2 [2012]). Petitioners had timely served their pre-answer motion, even though respondent had not yet received it. Thus, petitioners were not in default and respondent prematurely filed a default judgment. Respondent's assertion that the so-called "mailbox rule" did not apply here was "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). Respondent also should have applied to the court for a default judgment rather than applying to the clerk, because the complaint in the Oswego County action did not merely seek a sum certain, as it included several causes of action that did not seek a sum certain as well as a request for "reasonable attorney's fees and costs" and respondent performed its own calculation to arrive at an amount for those counsel fees and costs (*see* CPLR 3215 [a]; *Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 222-224 [2011]; *Woodward v Eighmie Moving & Stor.*, 151 AD2d

892, 892-893 [1989]). Respondent also was required to, but did not, provide petitioners with five days' notice of the application for a default judgment (*see* CPLR 3215 [g]).

Perhaps most serious, however, was respondent's letter to petitioners' counsel on October 9, 2013. In that letter, respondent used language that misled petitioners' counsel into believing that respondent would deal with its objection to the alleged untimeliness of petitioners' motion through opposition papers submitted on that motion. The letter failed to inform counsel that a default judgment had already been entered due to the alleged untimeliness, and that restraining notices and information subpoenas had already been served to enforce that default judgment. There was no justification for respondent's concealment of these important facts in that letter. Respondent's inappropriate conduct continued even after Supreme Court issued the temporary restraining order. That order vacated the restraining notices and information subpoenas, but respondent did not advise any of the banks it had served with those devices that such an order had been issued. Although respondent asserted that it believed petitioners would advise the banks of the order, that was impossible because respondent had never informed petitioners which banks had been served with enforcement devices. Respondent's frivolous conduct in prematurely entering a default judgment, failing to provide notice to petitioners and concealing it from petitioners directly led to the counsel fees and costs associated with this proceeding. Thus, the court properly determined that respondent should reimburse petitioners the amount of costs and counsel fees expended in this proceeding (*see* 22 NYCRR 130-1.1 [a], [c]).

Respondent was provided with an opportunity to address the reasonableness of the counsel fees requested by petitioners. Petitioners requested counsel fees and costs in their petition (*see Korbel v Zoning Bd. of Appeals of Town of Horicon*, 28 AD3d 888, 890 n [2006]). Supreme Court stated that it would permit additional submissions after oral argument (*see* 22 NYCRR 130-1.1 [d]). Petitioners submitted an affidavit and bills detailing the requested fees. Respondent was permitted to submit a response to those amounts and, in fact, submitted responsive papers but limited them to other issues. Supreme Court did not blindly approve petitioners' request; the court disallowed requested fees that were related to a separate motion in the Oswego County action seeking to vacate the default judgment. The court's written decision explained the conduct that the court found frivolous, why it warranted an award of

costs and fees and that the court was limiting the request to only approve the fees and costs directly related to this proceeding (*see* 22 NYCRR 130-1.2).

On the other hand, current court rules do not permit a trial court to impose a sanction against an attorney in the form of mandated additional CLE requirements. The regulation permits courts to make appropriate awards of costs or impose "financial sanctions," but does not mention any nonmonetary types of sanctions (22 NYCRR 130-1.1 [b]). While Supreme Court has power and control over attorneys, only the Appellate Division is authorized to impose discipline for professional misconduct (*see* Judiciary Law § 90 [2]; *Taub v Committee on Professional Stds. for Third Jud. Dept.*, 200 AD2d 74, 77 [1994]; *see also Matter of Crockett*, 120 AD3d 878, 880 [2014] [requiring attorney to complete additional CLE credits as part of disciplinary sanction]; *Matter of Galvin*, 87 AD3d 1223, 1223-1224 [2011] [same]). As Supreme Court did not have the authority to require Steele to complete additional CLE credits, we strike that portion of the order.

We have considered the parties' remaining contentions and find them to be without merit.

Egan Jr., Devine and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed sanctions upon Kimberly Steele in the form of additional continuing legal education requirements, and, as so modified, affirmed. Ordered that the judgment is affirmed, without costs.