Matter of Aaron v Steele (2018 NY Slip Op 07393)





Matter of Aaron v Steele


2018 NY Slip Op 07393


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526313

[*1]In the Matter of JUDY L. AARON et al., Appellants,
v
KIMBERLY A. STEELE et al., Respondents. (Proceeding No. 1.)
STEVEN L. AARON, Appellant,
v
KIMBERLY A. STEELE et al., Respondents. (Action No. 1.)

Calendar Date: September 12, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for appellants.
The Steele Law Firm, PC, Oswego (Kimberly A. Steele of counsel), for respondents.



MEMORANDUM AND ORDER
McCarthy, J.
Appeals (1) from an order of the Supreme Court (Mott, J.), entered February 23, 2018 in Ulster County, which, in proceeding No. 1 pursuant to CPLR 5240, granted respondents' motion to change venue, and (2) from an order of said court, entered February 23, 2018 in Ulster County, which, in action No. 1, granted defendants' motion to change venue.
The dispute between the parties began over unpaid legal fees owed by Steven L. Aaron (hereinafter Aaron) to Kimberly A. Steele and The Steele Law Firm, P.C. (hereinafter collectively referred to as the Steeles). The law firm commenced an action against Aaron, among others, in Oswego County (see Matter of Aaron v Steele Law Firm, P.C., 127 AD3d 1385, 1386 [2015]) and, in July 2017, obtained a judgment against him. Shortly thereafter, the Steeles issued subpoenas to take the depositions and compel the production of documents from Aaron, his wife, Judy L. Aaron, and his son, Joshua Aaron (hereinafter collectively referred to as the Aarons) (see CPLR 5224). On August 18, 2017, the Aarons commenced a special proceeding against the Steeles pursuant to CPLR 5240 in Ulster County seeking a protective order to quash, or at least limit, the subpoenas. After issuing a demand on August 21, 2017 to change venue to Oswego [*2]County, the Steeles moved in Ulster County, by order to show cause dated and served on August 25, 2017, to change venue of the special proceeding to Oswego County.
In October 2017, Aaron commenced a separate tort action against the Steeles in Ulster County premised on their efforts to enforce the judgment. After Aaron obtained temporary injunctive relief staying further enforcement measures, on October 10, 2017 the Steeles issued a demand to change the venue of the action to Oswego County. Aaron timely rejected the demand and, by order to show cause dated November 1, 2017, the Steeles moved for various relief, including a change of venue to Oswego County. In separate decisions, Supreme Court granted the Steeles' motions to change venue to Oswego County as a matter of right in the special proceeding and as a matter of discretion in the tort action. The Aarons now appeal from both orders.
Turning first to the special proceeding, the Aarons acknowledge that because Kimberly Steele's law office is in Oswego County, that county is the "proper county" for venue purposes (see Matter of Aaron v Steele Law Firm, P.C., 127 AD3d at 1387-1388). Because the Aarons commenced the proceeding in an improper venue, the applicable statutory provision for the motion in the proceeding is CPLR 511 (b). That provision, entitled "[d]emand for change of place of trial upon ground of improper venue, where motion made," states: "The defendant[/respondent] shall serve a written demand that the action[/proceeding] be tried in a county he [or she] specifies as proper. Thereafter the defendant[/respondent] may move to change the place of trial within fifteen days after service of the demand, unless within five days after such service plaintiff[/petitioner] serves a written consent to change the place of trial to that specified by the defendant[/respondent]. Defendant[/respondent] may notice such motion to be heard as if the action were pending in the county he [or she] specified, unless plaintiff[/petitioner] within five days after service of the demand serves an affidavit showing either that the county specified by the defendant[/respondent] is not proper or that the county designated by him [or her] is proper" (CPLR 511 [b]).
Asserting that Ulster County was an improper venue for the proceeding, the Steeles served a timely written demand that the proceeding be tried in Oswego County (see CPLR 511 [b]). Four days later, the Steeles moved, in Ulster County, to change venue of the proceeding to Oswego County. The Aarons argue that the Steeles, by failing to wait five days after their demand to allow the Aarons an opportunity to provide a written consent to change venue, failed to comply with the statutory procedure and thereby were not entitled to a change of venue as of right. This argument is based on an interpretation that the language "unless within five days" places a hold on the defendant's obligation to make a motion, during which time the defendant must simply wait for the plaintiff to respond to the demand (CPLR 511 [b]). We disagree with that interpretation of the statute.
The Aarons' argument appears to focus exclusively on the phrase "unless within five days." However, a plaintiff can choose not to respond to the demand, so the defendant may be sitting and waiting for nothing. In our view, the five-day window is a time limit on the plaintiff only, and the defendant is not required to refrain from doing anything during that period. Instead, the limits placed on a defendant under CPLR 511 (b) — other than the 15-day limit to move for change of venue — are contingent on whatever response the plaintiff may provide, rather than a five-day time period. While the five days are a limit on the plaintiff's ability to respond to the demand, the defendant retains the ability to make the venue motion "unless . . . [the] plaintiff serves a written consent" agreeing to the venue selected by the defendant (CPLR 511 [b]). In other words, the important occurrence for the defendant is the plaintiff granting consent, not the passage of days. If the plaintiff consents to the demanded change in venue, the defendant may not move for such relief. In a situation where the defendant made a motion before the end of the plaintiff's five-day response window and the plaintiff thereafter consented, the defendant would have to withdraw the motion (which would be unnecessary at that point anyway). Although an apparent purpose of the statute is to avoid unnecessary motions where consent can be obtained, a defendant who files the motion early will have wasted his or her own time and energy, but not have seriously disrupted or wasted the time of others in the judicial system. Any motion filed [*3]within the five-day window essentially causes no harm, no foul. Moreover, if the plaintiff does not file a written consent within the required time frame, it is irrelevant when within the 15-day limit the defendant filed a motion.
That is the situation here. The Aarons complain that the Steeles did not give them the full five days to think about their options or provide consent, but they apparently had no intention of granting such consent. Their intentions are evinced by the facts that they contested venue in prior related proceedings (see Matter of Aaron v Steele Law Firm, P.C., 127 AD3d at 1386-1388), never provided written consent in relation to either of the motions currently at issue and, tellingly, are still challenging a change of venue on appeal, even after acknowledging that the venue they chose for the proceeding was improper. The statute cannot be properly interpreted to rigidly require all defendants to wait for something that their opponents may never do, or outright never intend to do.
Although the last sentence of CPLR 511 (b) — addressing where the motion may be filed — is not at issue here, we will quickly address it because it contains wording similar to the preceding sentence. The language in the latter sentence can be read in the same way as the language in the sentence at issue. The last sentence permits the defendant to file his or her motion in the county he or she specifies, rather than the county in which the plaintiff has commenced the action, "unless [the] plaintiff within five days after service" serves an affidavit containing specified information (CPLR 511 [b]). Like the sentence at issue, this language does not require the defendant to wait five days to move for a change of venue. If the defendant moves within that early time frame in the county where the action was commenced, the court can simply address the merits of the motion, with the benefit of the information from the affidavit. If, however, the defendant moves in his or her preferred county within that early time frame and the plaintiff thereafter files the required affidavit, the defendant should withdraw the motion. Even absent a withdrawal, the motion would simply be denied because the chosen county does not have jurisdiction to consider that motion (see Podolsky v Nevele Winter Sports, 233 AD2d 605, 605-606 [1996]; Quinn v Stuart Lakes Club, 53 AD2d 775, 776 [1976]). Because we conclude that the Steeles complied with the statute and Ulster County was not a proper venue for the proceeding, Supreme Court properly granted the motion to change venue of the special proceeding to Oswego County as of right.
With respect to Aaron's tort action, which states enforcement-related claims but also seeks monetary relief distinct from the special proceeding, the record establishes that Ulster County was a proper venue based on Aaron's residence there (see CPLR 503 [a]; 510 [1]). The record does not indicate that the parties will be unable to get a fair trial in Ulster County (see CPLR 510 [2]). Further, there has been no showing that nonparty material witnesses would be inconvenienced by a trial in Ulster County (see CPLR 510 [3]; State of New York v Quintal, Inc., 79 AD3d 1357, 1358 [2010]). Consequently, we conclude that Supreme Court erred in granting the Steeles' motion to change the venue of the tort action. Although judicial economy would be better served if the action and proceeding were considered by the same court, the motions must be decided based on the applicable statutes.[FN1]
Garry, P.J., Aarons and Rumsey, JJ., concur.




Lynch, J. (concurring in part and dissenting in part).


I respectfully dissent, in part, with respect to the majority's determination in the special proceeding. I recognize, as the majority explains, that Steven L. Aaron, Judy L. Aaron and Joshua Aaron (hereinafter collectively referred to as the Aarons) have acknowledged that [*4]Oswego County is a "proper county" for venue purposes, triggering our review under CPLR 511 (b). That said, the Aarons maintain that because Kimberly A. Steele and The Steele Law Firm, P.C. (hereinafter collectively referred to as the Steeles) failed to comply with the precise procedures set forth in CPLR 511 (b), they are not entitled to a change of venue as of right, rendering their application a matter of discretion for the court to resolve. I agree. Pertinent in this regard, the statute authorizes a motion to change venue within 15 days of service of the demand, "unless within five days after such service plaintiff serves a written consent to change the" venue or otherwise disputes the proposed change (CPLR 511 [b] [emphasis added]). I read the underscored phrase as placing the defendant's obligation and ability to make a motion on hold during the five-day window for response. This construction allows a limited time for a plaintiff to consent, obviating the need for motion practice. Moreover, the statute allows a defendant to notice the motion in the county that the defendant specified, "unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him [or her] is proper" (CPLR 511 [b] [emphasis added]). In effect, whether a motion needs to be made, and where a motion can be made, is determined by a plaintiff's response during the five-day period. Here, the Steeles filed and served their motion four days after serving the demand (see CPLR 2103 [b] [7]; [f] [2]; 2211). Because the motion was made within the Aarons' five-day response window, the Steeles did not precisely comply with the statutory procedures, rendering their application a matter addressed to Supreme Court's discretion (see Tatko Stone Prods., Inc. v Davis-Giovinzazzo Constr. Co., Inc., 65 AD3d 778, 778-779 [2009]).
As Supreme Court did not exercise its discretion, our Court has the ability to do so (see Matter of Aaron v Steele Law Firm, P.C., 127 AD3d 1385, 1387 [2015]). Discretionary venue motions are governed by CPLR 510. Because the Aarons conceded that Oswego County is the proper county, the first ground under CPLR 510 (1) could support the Steeles' motion for a discretionary change of venue. The second discretionary ground under CPLR 510 (2) does not apply here for the proceeding was not initiated in the proper county and, in any event, there is nothing to suggest that an impartial trial could not be held in either Ulster County or Oswego County. As to the third ground under CPLR 510 (3), the Aarons are residents of and/or employed in Ulster County, where depositions have been scheduled (id. at 1389). Notably, neither Judy Aarons nor Joshua Aarons was a party to the action in Oswego County. On balance, I would exercise our discretion to deny the Steeles' motion — an outcome leaving both matters venued in Ulster County.
ORDERED that the order in proceeding No. 1 is affirmed, without costs.
ORDERED that the order in action No. 1 is reversed, on the law, without costs, and motion denied.



Footnotes

Footnote 1: We note that if a party successfully moved to consolidate the action and proceeding, the combined lawsuit would be heard in one county (see e.g. Lamb v Eagle Ridge Homeowners Assn., Ltd., 16 AD3d 1020, 1021 [2005]).