Westaub II LLC v Westermann (2021 NY Slip Op 06976)





Westaub II LLC v Westermann


2021 NY Slip Op 06976


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Webber, Oing, Singh, Higgitt, JJ. 


Index No. 159319/19 Appeal No. 14859 Case No. 2020-03722 

[*1]Westaub II LLC, et al., Plaintiffs-Appellants,
v
Antoine Westermann, Defendant-Respondent.


Schiff Hardin LLP, Newport Beach, CA (Patrick Downes of the bar of the State of California, admitted pro hac vice, of counsel), for appellants.
Val Mandel, P.C., New York (Stephen L. Dreyfuss of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered August 11, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
The motion court correctly read the 2014 Agreement and 2015 Amendment together to find that the forum selection clause in the 2015 Amendment applied to this dispute and required its dismissal. The selection clause, which mandates litigation in Colmar, France, applies to "any dispute between the undersigned parties in connection with the performance or interpretation of this Agreement." The 2015 document is titled an "amendment," and its terms show that it is meant t0 amend the 2014 Agreement, which is expressly referred to at least once in the Amendment and whose validity and ongoing force and effect, to the extent not contrary to the Amendment, are reiterated in paragraph 8 of the Amendment. Moreover, the complaint describes the 2015 Amendment as having been the decision of the parties to the 2014 Agreement — defendant and plaintiff CSI Finances SAS — who, the complaint alleges, amended the original agreement to reflect an additional capital contribution by CSI and a revised equity allocation, and both agreements are described as having been part and parcel of the same overall transaction, namely, the establishment, operation, and management of the restaurant at issue.
Plaintiffs point out that there are different signatories to each document (other than CSI, which is a signatory to both). However, the motion court properly invoked the close relationship doctrine to render the 2015 Amendment's forum selection clause binding on nonsignatories defendant and plaintiff Westaub II LLC (see Freeford Ltd. v Pendleton, 53 AD3d 32, 40 [1st Dept 2008] [nonsignatory may invoke forum selection clause where its enforcement is foreseeable by virtue of the relationship between himself and the signatory], lv denied 12 NY3d 702 [2009]; see also Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd., 184 AD3d 116 [1st Dept 2020]; Dogmoch Intl. Corp. v Dresdner Bank, 304 AD2d 396 [1st Dept 2003]).
Defendant's enforcement of the forum selection clause was readily foreseeable, given that his close relationship to signatory Envol was well known to plaintiffs; defendant signed the 2014 Agreement on behalf of himself and Envol, and the 2015 Amendment itself indicates that defendant is the manager and sole shareholder of Envol and provides that throughout the document Envol will be referred to interchangeably as "Envol" and "AW" (defendant's initials).
It was also foreseeable that plaintiff Westaub II LLC, closely involved in the matters at issue in this dispute and closely intertwined with plaintiff CSI, would also be found to be within the reach of the forum selection clause. In its operating agreement, Westaub II LLC designated Francis Staub as its sole manager, and the 2014 Agreement and 2015 Amendment identify Staub as the chairman of CSI. Both Westaub II [*2]LLC and CSI are involved in funding another entity, Westaub Inc., per the 2014 Agreement, with Westaub II LLC obtaining the funds to do so from another entity, Westaub France SARL, 75% of which, the complaint alleges, is owned by CSI. The documents further reflect that all shares of Westaub II LLC are owned by Westaub France SARL, which, again, is 75% owned by CSI.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021